**Robert Swider, OSB# 82127**
Robert@swiderhaver.com
**Michael Dell Long, OSB# 923773**
mlong@swiderhaver.com
SWIDER HAVER
621 SW Morrison, Suite 1420
Portland, OR 97205
Telephone: (503) 226-8122
Facsimile: (503) 273-8842
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNDER A FOOT PLANT, CO. an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXTERIOR DESIGN, INC., a Maryland corporation, doing business as THE PERENNIAL FARM, TREADWELL PERENNIALS and PERENNIAL FARM MARKETPLACE,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**1. Copyright Infringement**<br>   **(17 U.S.C. § 101, *et. seq.*)**<br>**2. Statutory Unlawful Trade Practice**<br>   **(ORS § 646.608)**<br>**3. Common Law Unfair Competition:**<br>   **Misappropriation**<br>**4. Unjust Enrichment**<br><br>**DEMAND FOR A JURY TRIAL** |

Under a Foot Plant, Co., hereinafter referred to as "Plaintiff", files its claims against the above-named Defendant and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement, unfair and deceptive trade practices and unjust enrichment. Plaintiff seeks injunctive relief and compensatory and punitive damages.

Complaint - 1

**PARTIES**

2. Plaintiff Under A Foot Plant, Co. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business in Salem, Marion County, Oregon.

3. Upon information and belief, Defendant Exterior Design, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in Glen Arm, Baltimore County, Maryland, and, at all relevant times hereto, is and was doing business under the fictitious business names: (1) The Perennial Farm; (2) Treadwell Perennials; and (3) Perennial Farm Marketplace.

**JURISDICTION AND VENUE**

4. This action arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) in that all parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a). These claims are related to the other claims in this action over which this Court has original jurisdiction in that they form a part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action occurred in this judicial district and

Defendant has sufficient contacts with this district because it does business within this judicial district, as set forth in detail in the following statement of facts. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to a judicial district where the Defendant has committed acts of copyright infringement.

## FACTUAL BACKGROUND

**The Copyrighted Works:**

8. Plaintiff is the owner of all rights, title and interest in and to the following federally-registered Copyrighted Works (collectively, the "Copyrighted Photographs"), copies of which are attached hereto and identified as Exhibit "A" to this Complaint:

| US Copyright Registration Number | Title |
|---|---|
| VA 1-911-433 | Thymus Elfin Path – DSC01498 |
| VA 1-911-379 | Ajuga Chocolate Chip With Stone – DSC01920 |
| VA 1-911-399 | Mazus Purple Path With Stone – DSC05572 |
| VA 1-911-402 | Sagina Subulata 'Aurea' 7 Over Rocks |
| VA 1-911-405 | Isotoma Fluviatilis Blue Star Brick Path – DSC02417 |
| VA 1-912-637 | Lotus 'Plenus' – DSC000.tiff |
| VA 1-912-634 | Potentilla Neumanniana 'Nana' Cinquefoil |
| VA 1-914-313 | Thymus Praecox 'Pseudolanoginus' |
| VA 1-911-427 | Blue Star Creeper - Lion Bench 1 |
| VA 1-911-424 | Mazus Reptans With Daffodils |
| VA 1-911-416 | Irish Moss Stones |
| VA 1-911-413 | Herniaria Glabra DSC04768 |
| VA 1-912-639 | Sedum Spurium 'John Creech' Close Up |
| VA 1-911-364 | Thymus Praecox 'Coccineus' |
| VA 1-912-648 | Thymus Doerfleri 'Doone Valley' |
| VA 1-912-653 | Mentha Requieni Corsican Mint |
| VA 1-911-384 | Sedum Spurium 'John Creech' |
| VA 1-912-210 | Thymus Serpyllum 'Elfin Thyme' Close Up |
| VA 1-911-390 | Veronica Repens Sunshine Speedwell |

Complaint - 3

**UAFPC's Background:**

9. Plaintiff has been in the business of marketing and distributing groundcover plants for nearly twenty-five years.

10. Ms. Frances White is the President of Plaintiff. All of Ms. White's actions alleged herein were performed on behalf of Plaintiff in her corporate capacity, unless otherwise stated.

11. In 1999, Plaintiff developed the STEPABLES® product line, which focused on the marketing and distribution of perennial plants that are conducive to foot traffic, for use in pathways, walkways, borders and as a replacement for grass lawns.

12. The STEPABLES® product line is and has been marketed and sold to retail and wholesale customers via retail stores, nurseries, its national distribution network, and via Plaintiff's website.

13. To promote the STEPABLES® product line, Plaintiff has developed a comprehensive marketing campaign, including a website, brochures, posters, press kits, plant tags and other merchandise ("Marketing Materials").

14. Plaintiff's Marketing Materials contain hundreds of photographs of the STEPABLES® product line and other plants. The photographs, including the Copyrighted Photographs, are the foundation and core of the Marketing Materials.

15. Ms. White has spent considerable time and resources to create and develop an extensive library of ground cover and other horticultural photographs, consisting of thousands of photographs of plants, including the Copyrighted Photographs. Ms. White has assigned to Plaintiff all rights, title and interest in and to the photographs contained in the Marketing Materials, including the Copyrighted Photographs.

16. Since 1999, Plaintiff's website has provided educational materials and information to educate consumers about the STEPABLES® product line concept throughout the United States, Canada and the world.

17. Plaintiff's STEPABLES® product line is sold or offered for sale in thousands of garden centers nationwide. Consumers may purchase plants from the STEPABLES® product line directly through Plaintiff's website.

18. Between 2005 and 2007, Plaintiff's Marketing Materials won marketing awards from national organizations such the Perennial Plant Association, the Society of American Florists, Greenhouse Grower Magazine and Greenhouse Product News based, in part, on the Copyrighted Photographs.

**Defendant's Copyright Infringement**

19. Plaintiff alleges, upon information and belief, that Defendant is a large wholesale plant producer and distributor that has sold plant products under various trade names throughout the United States for at least 34 years.

20. Plaintiff alleges, upon information and belief, that Defendant markets and sells it plant products throughout the United States via social media and at least four websites under the domain names:

   a. *www.TreadwellPlants.com* (hereinafter the "Treadwell Website");
   b. *www.growingforyou.com;*
   c. *www.perennialfarm.com;* and
   d. *www.perennialmarketplace.com*

(collectively referred to as "Defendant's Websites").

21. Defendant's website at *www.perennialfarm.com* indicates that it sells and delivers products to every state in the United States, including the State of Oregon.

Complaint - 5

22. Plaintiff alleges, upon information and belief, that Defendant developed the *Treadwell Plants* product line in or around 2010. Defendant's *Treadwell Plants* product line is nearly identical to Plaintiff's STEPABLES® product line.

23. Defendant's *Treadwell Plants* product line is marketed via Defendant's Websites, brochures, posters, press kits, plant tags, and other merchandise (collectively "Defendant's Marketing Materials").

24. In or around March 2011, Plaintiff was alerted to the launch of Defendant's Treadwell Website. Plaintiff discovered that Defendant had reproduced, displayed, modified and/or prepared derivative copies of many of Plaintiff's Copyrighted Photographs in Defendant's Marketing Materials, including Defendant's Treadwell Website.

25. Plaintiff immediately notified Defendant that it had infringed Plaintiff's Copyrighted Photographs. Defendant acknowledged the infringements and agreed to remove the infringements from Defendant's Marketing Materials, including Defendant's Treadwell Website.

26. In or around July 2012, at the Boston Perennial Plant Symposium, Plaintiff discovered that Defendant had continued to reproduce, display, modify and/or prepare derivative copies of many of Plaintiff's Copyrighted Photographs in Defendant's Marketing Materials, including Defendant's trade show booth backdrop, despite Plaintiff's prior infringement notification.

27. Again, Plaintiff immediately notified Defendant that it was continuing to infringe Plaintiff's Copyrighted Photographs. Again, Defendant acknowledged the infringements and agreed to remove the infringements from Defendant's Marketing Materials, including Defendant's Treadwell Website and the trade show booth backdrop.

28. In or around March 2014, Plaintiff once again discovered that Defendant was continuing to reproduce, display, modify and/or prepare derivative copies of many of Plaintiff's Copyrighted Photographs in Defendant's Marketing Materials. Attached hereto as Exhibit "B" are true and correct copies of 84 instances of infringement of the Copyrighted Photographs discovered by Plaintiff.

29. Once again, Plaintiff immediately contacted Defendant and demanded that Defendant cease and desist all infringing uses of Plaintiff's Copyrighted Works. The actual extent of Defendant's infringement is unknown at this.

**Defendant's Unfair Competition:**

30. Plaintiff and Defendant are direct competitors, both in the marketplace and online. On or about June 2009, Defendant confirmed the same in a post on the *www.perennialfarm.com* website: "Treadwell Perennials . . . Move over Steppables [sic] and Jeepers Creepers."
(See Exhibit "C" attached hereto).

31. Similarly, Defendant confirmed the same in an August 19, 2013 article in Greenhouse Grower stating that:

> "The Treadwell Plants brand came about after Watson and Kiley looked at similar lines such as STEPABLES and Jeepers Creepers and believed they could raise the bar on the concept."

(See Exhibit "D" attached hereto).

32. Plaintiff has spent considerable time and resources to create and develop its extensive library of ground cover and other horticultural photographs, many of which have won industry marketing awards. In its rush to "raise the bar", Defendant cut corners by usurping

Complaint - 7

Plaintiff's Copyrighted Photographs and using them to unfairly compete against Plaintiff to the detriment of Plaintiff.

## FIRST CLAIM FOR RELIEF

### Federal Copyright Infringement (17 U.S.C. § 101 *et. seq.*)

33. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all proceeding and subsequent paragraphs.

34. Plaintiff is the owner of all rights, title and interest in and to the Copyrighted Photographs.

35. Defendant has copied, reproduced, distributed, adapted and/or publicly displayed the Copyrighted Photographs without the consent, permission or authority of Plaintiff, thereby directly infringing Plaintiff's copyrights in the Copyrighted Photographs.

36. Defendant's conduct constitutes infringement of Plaintiff's copyrights in the Copyrighted Photographs and exclusive rights to the same under the Copyright Act in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

37. Each infringement of Plaintiff's rights in and to the Copyrighted Photographs constitutes a separate and distinct act of infringement.

38. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights to the Copyrighted Photographs, Plaintiff is entitled to its damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) in such amount as may be proven at trial. Plaintiff is also entitled to prejudgment interest on any damage award.

39. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, irreparable injury that cannot be fully compensated in money. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of its copyrights in the Copyrighted Photographs.

40. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of reasonable costs incurred in this action.

### SECOND CLAIM FOR RELIEF
### Statutory Unlawful Business and Trade Practices (ORS § 646.608)

41. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

42. Defendant has intentionally and willfully violated ORS 646.608(b) by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying the Copyrighted Photographs, and passing the Copyrighted Photographs off as that of Defendant's, with the intent of creating confusion and misunderstanding as to the source of the photographs.

43. As a direct and proximate result of Defendant's unlawful conduct described above, Plaintiff is entitled to its damages in an amount to be determined upon proof at trial pursuant to Or. Rev. Stat. 646.638 (1).

44. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause irreparable injury that cannot be fully compensated in money. Plaintiff has no adequate remedy at law. Pursuant to Or. Rev. Stat. 646.638(5) Plaintiff is entitled to injunctive relief prohibiting the above described wrongful acts.

45. Pursuant to Or. Rev. Stat. 646.638(3) Plaintiff is entitled to an award of reasonable attorney's fees and costs incurred in this action.


Case 1:15-cv-00871-BPG   Document 1   Filed 08/26/14   Page 10 of 13

## THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition - Misappropriation

46. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

47. Plaintiff has made a substantial investment of time, effort and money in creating the Copyrighted Photographs.

48. Defendant has willfully and intentionally misappropriated Plaintiff's property and property rights by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying the Copyrighted Photographs and passing the Copyrighted Photographs off as that of Defendant's, with the intent of creating confusion and misunderstanding as to the source of the material.

49. As a direct and proximate result of Defendant's unlawful conduct described above, Plaintiff is entitled to its damages, in an amount to be determined at trial.

50. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause irreparable injury that cannot be fully compensated in money. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief prohibiting the above-described wrongful acts.

51. Defendant's above-described unlawful acts were willful, in disregard of, and with indifference to the rights of Plaintiff. Plaintiff is thus entitled to punitive damages in an amount to be proven at trial.

...

## THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition - Misappropriation

46. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

47. Plaintiff has made a substantial investment of time, effort and money in creating the Copyrighted Photographs.

48. Defendant has willfully and intentionally misappropriated Plaintiff's property and property rights by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying the Copyrighted Photographs and passing the Copyrighted Photographs off as that of Defendant's, with the intent of creating confusion and misunderstanding as to the source of the material.

49. As a direct and proximate result of Defendant's unlawful conduct described above, Plaintiff is entitled to its damages, in an amount to be determined at trial.

50. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause irreparable injury that cannot be fully compensated in money. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief prohibiting the above-described wrongful acts.

51. Defendant's above-described unlawful acts were willful, in disregard of, and with indifference to the rights of Plaintiff. Plaintiff is thus entitled to punitive damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

52. Plaintiff repeats, re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in all preceding paragraphs.

53. Defendant has received and/or will receive an unjust benefit from its unauthorized use of Plaintiff's Copyrighted Photographs, to the detriment of Plaintiff, and such benefit violates the fundamental principles of justice, equity and good conscience. Accordingly, any such enrichment is unjust and should, in equity, be returned to Plaintiff.

54. As a direct and proximate result of Defendant's unlawful use of Plaintiff's property and property rights, Plaintiff has been irreparably harmed and Defendant has been unjustly enriched at Plaintiff's expense. Accordingly, Plaintiff is entitled to an order requiring Defendant to disgorge any and all such profits to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

On each of its Claims for Relief, except for the Fourth Claim for Relief for Unjust Enrichment, for Injunctive Relief as follows:

1. For an Order that Defendant, its officers, directors, agents, servants, partners, employees, attorneys, licensees, assigns, and all persons acting for, with, by, through or in concert with it be enjoined preliminarily and permanently from:

    (a) copying, reproducing, distributing, adapting and/or publicly displaying the Copyrighted Photographs;

    (b) infringing Plaintiff's copyrights in each of the Copyrighted Photographs;

    (c) advertising, marketing, promoting, offering for sale, or selling any goods or services that infringe Plaintiff's Copyrighted Photographs; and

    (d) unfairly competing with Plaintiff in any manner.

2. That Defendant be required to deliver up to Plaintiff for destruction any product, packaging, literature, catalogs, signs, advertising material, plant tags, posters, brochures and the like, or any confusingly similar variation thereof, including any of the Copyrighted Photographs.

3. That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff's attorney a written report, under oath, setting forth in detail the manner in which Defendant has complied with Paragraphs 1 and 2 above.

On its First Claim for Relief for Copyright Infringement for:

1. Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), in such amount as may be proven at trial.

2. That Plaintiff be awarded its reasonable costs and attorney's fees.

3. That Plaintiff be awarded prejudgment interest.

4. That Plaintiff have such other and further relief as the Court may deem equitable.

On its Second Claim for Relief for Statutory Unlawful Business and Trade Practices for:

1. Damages in an amount to be determined upon proof at trial, pursuant to ORS 646.638(1).

2. An award of reasonable attorney's fees and costs incurred in this action.

On its Third Claim for Relief for Common Law Unfair Competition – Misappropriation for:

1. That Defendant be required to account for and pay to Plaintiff its profits and the cumulative damages sustained by Plaintiff by reason of Defendant's unlawful conduct herein alleged.

2. That Plaintiff be awarded punitive damages.

3. That Plaintiff have such other and further relief as the Court may deem equitable.

On its Fourth Claim for Relief for Unjust Enrichment

1. That the Court order disgorgement and/or restitution of Defendant's profits to Plaintiff.

2. That Plaintiff have such other and further relief as the Court may deem equitable.

DATED this 26th day of August 2014.

SWIDER HAVER LLP

_____
Robert A. Swider, OSB 82127


## JURY DEMAND

Pursuant to Rule 30 of the Federal Rules of Civil Procedures, Plaintiff hereby demands a trial by jury as to all issues set forth in the Complaint.

DATED this 26th day of August 2014.

SWIDER HAVER LLP

_____
Robert A. Swider, OSB 82127

Complaint - 13