IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNDER A FOOT PLANT, CO., an Oregon corporation<br><br>      Plaintiff,<br><br>    v.<br><br>EXTERIOR DESIGN, INC., a Maryland corporation, doing business as THE PERENNIAL FARM, TREADWELL PERENNIALS, and PERENNIAL FARM MARKETPLACE,<br><br>      Defendant. | Case No. 6:14-cv-01371-AA<br><br>OPINION AND ORDER |

ROBERT SWIDER
MICHAEL DELL LONG
ANDREA A. SELKREGG
Swider Haver
621 SW Morrison, Suite 1420
Portland, Oregon 97205
    Attorneys for plaintiff

BARRY J. GOEHLER
Law office of Barry Goehler
1001 SW Fifth Avenue, Suite 1530
Portland, Oregon 97204
    Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Exterior Design, Inc. filed a motion to dismiss plaintiff Under A Foot Plant, Co.'s complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. (12)(b)(2). In the alternative, defendant moves to transfer venue to the District of Maryland. Additionally, plaintiff requests judicial notice of a printout from defendant's website. For the reasons set forth below, the parties' motions are granted.

## BACKGROUND

Plaintiff, an Oregon corporation with its principal place of business in Salem, Oregon, is in the wholesale business of marketing and distributing groundcover plants. In 1999, plaintiff developed a product line entitled STEPABLES®. In the course of marketing STEPABLES®, plaintiff took a number of photographs for use in its promotional materials. Among these photographs are the nineteen copyrighted images ("Copyrighted Works") at issue in this case.

Defendant, a Maryland corporation with its principal place of business in Glenn Arm, Maryland, is also in the wholesale plant business. Sometime around 2010, defendant developed a product line, entitled Treadwell Plants, that is similar in nature to plaintiff's STEPABLES®.

On August 26, 2014, plaintiff filed a complaint in this Court against defendant alleging copyright infringement, unfair and

Page 2 - OPINION AND ORDER

deceptive trade practices, and unjust enrichment. Specifically, plaintiff alleges that, beginning in March 2011, defendant impermissibly began using, and continues to use, the Copyrighted Works in promoting Treadwell Plants. On September 17, 2014, defendant filed the present motion to dismiss or transfer venue.

## STANDARDS

Where the court lacks personal jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(b)(2). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that such jurisdiction is appropriate. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). Where the court makes its jurisdictional finding based on pleadings and affidavits rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 127-28 (9th Cir. 1995). "Although the plaintiff cannot rest solely on the allegations of the complaint to establish that jurisdiction is proper, the complaint's uncontroverted factual allegations must be accepted as true and any factual conflicts in the parties' declarations must be resolved in the plaintiff's favor." Ukrvaktsina v. Olden Grp., LLC, 2011 WL 5244697, *2 (D.Or. Oct. 30, 2011) (citations omitted).

## DISCUSSION

Defendant asserts that dismissal or transfer of venue is

warranted because plaintiff failed to allege facts that would support personal jurisdiction in this forum. Conversely, plaintiff argues that this District has both general and specific jurisdiction over defendant pursuant to Oregon's long arm statute.

I. <u>Request for Judicial Notice</u>

Plaintiff requests judicial notice of an archived printout from defendant's website, which was generated by The Internet Archive on November 30, 2010. This printout describes the shipping services provided by defendant. According to plaintiff, defendant "does not object to the Court taking judicial notice of the existence of the document, [but] does not consent to the Court taking judicial notice of the facts contained within the document." Pl.'s Mot. Jud. Notice 2. Defendant did not file an opposition to plaintiff's request for judicial notice.

A court may take judicial notice of "a fact that is not subject to reasonable dispute" because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). District courts have routinely taken judicial notice of content from The Internet Archive pursuant to this rule. <u>See, e.g.</u>, <u>Pond Guy, Inc. v. Aquascape Designs, Inc.</u>, 2014 WL 2863871, *4 (E.D.Mich. June 24, 2014); <u>Martins v. 3PD, Inc.</u>, 2013 WL 1320454, *16 (D.Mass. Mar. 28, 2013); <u>In re Methyl Tertiary Butyl Ether (MTBE) Products Liab.</u>

Page 4 - OPINION AND ORDER

Litig., 2013 WL 6869410, *4 (S.D.N.Y. Dec. 30, 2013). Accordingly, plaintiff's request for judicial notice is granted.

II. Motion to Dismiss

When no applicable federal statute governs personal jurisdiction, the district court applies the law of the state in which it sits. Schwarzenegger, 374 F.3d at 800 (citations omitted). Because Oregon's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Id. at 801; Or. R. Civ. P. 4L. Thus, the two inquiries merge and this Court need only determine whether the assertion of personal jurisdiction over defendant violates the due process clause.

In order for a court to have the power to render judgment against a defendant, the plaintiff must show that the nature and quality of the non-resident's contacts are sufficient to establish either "general" or "specific" personal jurisdiction. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984).

A. General Jurisdiction

The due process clause permits a court to exercise general personal jurisdiction if the non-resident defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1171 (9th Cir. 2006) (citation omitted). The standard for

Page 5 - OPINION AND ORDER

establishing general jurisdiction is "exacting" and requires that the defendant's contacts be of the sort that "approximate physical presence" in the forum state. Schwarzenegger, 374 F.3d at 801 (citation omitted). "Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indica of such a presence." Tuazon, 433 F.3d at 1172; see also Bancroft & Masters, Inc. V. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ("[f]actors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there") (citation omitted).

Plaintiff asserts that general jurisdiction exists because defendant makes purchases from Oregon nurseries, employs a consultant – i.e. Dr. Armitage – who attended a trade show in Oregon, and sells to national chains that "likely" distribute their products to Oregon. Pl.'s Resp. to Mot. Dismiss 12-13. The Court finds, to the contrary, that the contacts alleged by plaintiff cannot be said to be so continuous and systematic as to approximate defendant's physical presence in Oregon for four reasons. First, it is well established that purchasing products from a forum state is not enough to establish general jurisdiction over a defendant. See Helicopteros, 466 U.S. at 418 ("mere purchases, even if occurring

at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions") (citation omitted); Bancroft, 223 F.3d at 1086 ("engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the states borders") (citation omitted).

Second, Dr. Armitage offered sworn testimony that he is not an agent or employee of defendant. Armitage Decl. ¶ 2. He also stated that any time spent in Oregon at trade shows and other events was for the benefit of his own career. Id. In other words, he never represented defendant or conducted any business on its behalf while in Oregon. Id. Third, plaintiff's vague assertion that defendant has national customers that "likely" distribute their products to Oregon does not support its argument for general jurisdiction. Pl.'s Resp. to Mot. Dismiss 13 (citing Long Decl. ¶ 7). Even assuming that some of defendant's products reach Oregon through its national customers, occasional, unsolicited sales to forum residents are insufficient to create general jurisdiction over a non-resident. Bancroft, 223 F.3d at 1086 (citation omitted).

Finally, other evidence indicates defendant lacks the contacts with Oregon that would warrant general jurisdiction. See generally Watson Decl. Specifically, defendant is not licensed to do business in Oregon, does not have any agents or employees in Oregon, does

not own any real estate or operate any facilities in Oregon, and does not own any Oregon bank accounts. Id. at ¶ 4. These facts are unrefuted by plaintiff and provide further evidence that defendant's contact with Oregon is not systematic and continuous. Accordingly, this Court lacks general personal jurisdiction over defendant.

### B. Specific Jurisdiction

Where general personal jurisdiction is lacking, a court may still exercise specific jurisdiction if the defendant has minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citation omitted). Under the minimum contacts test, a court can exercise specific personal jurisdiction over a non-resident if: 1) the defendant performs an act or consummates a transaction within the forum, purposefully availing itself of the privilege of conducting activities there; 2) the plaintiff's claim arises out of or results from the defendant's forum-related activities; and 3) the exercise of personal jurisdiction over the defendant is reasonable. Id. (citation omitted). The plaintiff "bears the burden of satisfying the first two prongs of the 'minimum contacts' test." Id. (citation omitted). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established." Schwarzenegger, 374 F.3d at 802 (citations omitted).

The Ninth Circuit typically treats the first element of the minimum contacts test differently in tort and contract cases. Yahoo! Inc. v. La Lique Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir.), cert. denied, 547 U.S. 1163 (2006). In contract cases, the court inquires whether the defendant "purposefully avails itself of the privilege of conducting activities or consummate[s] [a] transaction in the forum, focusing on activities such as delivering goods or executing a contract." Id. (citation and internal quotations omitted). In tort cases, the court generally applies the effects test to determine whether the defendant purposefully directs its activities at the forum state, regardless of whether the actions themselves occurred within the forum. Id.

Because plaintiff's allegations are based in tort, the effects test governs. Accordingly, plaintiff must demonstrate, in relevant part, that defendant committed an intentional act expressly aimed at this forum, which caused harm herein. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1131 (9th Cir. 2003) (citation omitted). For purposes of the effects test, "intentional act" refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." Schwarzenegger, 374 F.3d at 806. Thus, in a copyright action, a defendant acts intentionally when it reproduces and distributes the protected work, regardless

of whether or not it intended to violate the copyright. <u>Herer v. Ah Ha Pub., LLC</u>, 927 F.Supp.2d 1080, 1086 (D.Or. 2013). An intentional act with foreseeable effects in a forum state alone will not give rise to specific jurisdiction; rather, the intentional act must be "expressly aimed" at the forum state. <u>Bancroft</u>, 223 F.3d at 1087.

Here, the Court finds that defendant committed an intentional act within the meaning of the effects test when it allegedly reproduced and displayed the Copyrighted Works. <u>Herer</u>, 927 F.Supp.2d at 1086. The more difficult question is whether defendant's conduct was "expressly aimed" at this forum. Plaintiff argues that defendant wilfully violated its rights in the Copyrighted Works despite being informed of its interest. Further, plaintiff contends that, based on email correspondences and the transmittal of its copyright registrations and a cease and desist letter, defendant had knowledge of its Salem, Oregon, location.[1]

---

[1] As such, plaintiff argues that <u>Wash. Shoe Co. v. A-Z Sporting Goods Inc.</u>, 704 F.3d 668 (9th Cir. 2012), controls this Court's analysis. Pl.'s Resp. to Mot. Dismiss 9-11. That case held that when a plaintiff "allege[s] willful infringement of [its] copyright, and [the defendant's] knowledge of both the existence of the copyright and the forum of the copyright holder," the "expressly aimed" prong is satisfied. <u>Wash. Shoe</u>, 704 F.3d at 678-79. As defendant notes, however, the Supreme Court recently examined the Ninth Circuit's application of the effects test and held that a plaintiff cannot be the only connection between the defendant and the forum: "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for jurisdiction over him." <u>Walden v. Fiore</u>, 134 S.Ct. 1115, 1122 (2014) (citations omitted). Thus, intentional conduct directed at an individual who is known to reside in a particular forum is not enough, on its own, to satisfy the minimum contacts test. <u>Id.</u> at 1125. "The proper

Plaintiff's argument is problematic because it shifts the focus of the minimum contacts analysis from defendant's connection with Oregon to defendant's connection with plaintiff; yet this is precisely what the Court found improper in Walden. Here, defendant's intentional conduct did not create the necessary contacts with the forum to allow for the exercise of specific jurisdiction. It is undisputed that defendant's conduct did not occur within the State of Oregon. Indeed, plaintiff alleges the reproduction and display of the Copyrighted Works took place in Maryland, Massachusetts, and on defendant's websites.

The "maintenance of a passive website alone cannot satisfy the express aiming prong"; only operating "a passive website in conjunction with 'something more' - conduct directly targeting the forum - is sufficient." Marvix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) (citations omitted). Courts consider multiple factors when determining if a defendant has done "something more," including: "the interactivity of defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff known to be a forum resident." Id. (citation and internal quotations omitted).

An analysis of these factors establishes that defendant's

---

question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id.

Page 11 - OPINION AND ORDER

conduct lacked the requisite "something more." Defendant's websites have a low degree of interactivity. They allow a visitor to submit questions via a "contact us" page and sign up for an electronic newsletter but they do not allow visitors to purchase products online. See Willis v. Debt Care, USA, Inc., 2011 WL 7121288, *8 (D.Or. Oct. 24, 2011) (defendant's website was passive because it only allowed customers to log-in and access their accounts, and maintained a "contact us" page) (citations omitted). In addition, Richard Watson, defendant's general manager, testified that defendant's business is conducted almost exclusively in the Northeast and Mid-Atlantic regions of the United States. Watson Decl. ¶ 2. Plaintiff has produced no evidence that defendant made sales in Oregon. There is also no evidence that defendant's alleged infringement was targeted at plaintiff's customers or other Oregon residents. These facts show a general absence of commercial ambition in this forum, as well as a lack of individualized targeting directed at Oregon and its citizens.

In sum, plaintiff failed to establish that defendant "expressly aimed" its conduct at Oregon. Because plaintiff did not satisfy the first prong of the minimum contacts analysis, the Court need not examine the other two elements to determine that specific jurisdiction is lacking. Schwarzenegger, 374 F.3d at 802.

III. Motion to Transfer Venue

Even assuming defendant was subject to personal jurisdiction

in this District, a transfer of venue would nonetheless be appropriate. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), cert. denied, 531 U.S. 928 (2000) (articulating non-exclusive factors in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a)). Initially, this action could have been instituted in the District of Maryland because defendant is a Maryland corporation. 28 U.S.C. 1400(a). Moreover, to the extent applicable, the factors determining venue weigh in favor of a transfer, as defendant has no contact with this forum outside of its dispute with plaintiff. As a result, defendant would be inconvenienced to a degree that outweighs the deference typically given to a plaintiff's choice of forum. For these reasons, defendant's motion is granted.

## CONCLUSION

Plaintiff's request for judicial notice (doc. 11) is GRANTED. Defendant's motion to dismiss or transfer venue (doc. 8) is GRANTED. This case shall be transferred to the District of Maryland.

IT IS SO ORDERED.

Dated this 24th day of March, 2015.

_____
Ann Aiken
United States District Judge