**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| UNDER A FOOT PLANT, CO., | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil No.: BPG-15-871 |
| | * | |
| EXTERIOR DESIGN, INC., | | |
| | * | |
| Defendant. | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Under A Foot Plant, Co. ("plaintiff" or "UAFP") moves for partial summary judgment on the issue of liability in this copyright infringement case against defendant Exterior Design, Inc. ("defendant" or "EDI").  Currently pending before the court are: (1) Defendant Exterior Design, Inc.'s Motion for Judgment on the Pleadings and to Strike ("Defendant's Motion") (ECF No. 59); (2) Plaintiff Under A Foot Plant, Co.'s Motion for Partial Summary Judgment ("Plaintiff's Motion") (ECF No. 60); (3) Defendant's Response in Opposition to Plaintiff's Motion ("Defendant's Response") (ECF No. 61); (4) Plaintiff's Response in Opposition to Defendant's Motion ("Plaintiff's Response") (ECF No. 62); (5) Defendant's Reply to Plaintiff's Response in Opposition ("Defendant's Reply") (ECF No. 63); and (6) Plaintiff's Reply to Defendant's Opposition ("Plaintiff's Reply") (ECF No. 64).  The issues are fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the reasons stated below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART, and Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## I.      PROCEDURAL BACKGROUND

This case was filed originally in the United States District Court for the District of Oregon.  (ECF No. 1.)  Defendant's motion to transfer venue was granted, and venue was transferred to this court on March 24, 2015.  (ECF No. 17.)  After transfer to the District of Maryland, this case was assigned initially to Judge Bredar and, with leave of court, plaintiff filed its First Amended Complaint ("Complaint") (ECF No. 37), and defendant filed its Answer to First Amended Complaint ("Answer") (ECF No. 38).  With the parties' consent (ECF Nos. 57, 58), Judge Bredar referred this case to the undersigned for all proceedings pursuant to 28 U.S.C. §636(c) and Local Rule 301 on February 19, 2016.  (ECF No. 54.)  The parties' now-pending motions (ECF Nos. 59, 60) were filed on March 17, 2016 and have been fully briefed.

## II.     FACTUAL BACKGROUND

Except where noted, the following facts are undisputed.

Plaintiff Under A Foot Plant, Co. is a business which markets and sells the "STEPABLES®" line of perennial plants, which are conducive to foot traffic and used in pathways, walkways, and borders and to replace grass lawns.  (ECF No. 60-3, Declaration of Frances White ("White Decl.") at ¶ 2.)[1]

Plaintiff published the "STEPABLES® - Good For Your Sole Brochure" ("the brochure") on August 27, 2004.  (ECF No. 60, Ex. 22.)[2]  Plaintiff's copyright application for that brochure was filed on February 1, 2005, and the registration issued on February 7, 2005, Copyright Certificate #VA 1-301-474.    (Id.)    Plaintiff also published the "2005

---

[1] The signed and sworn Declaration of Frances White was filed as a lengthy related document to Plaintiff's Motion. (ECF No. 60-3.)

[2] The exhibits to Plaintiff's Motion (ECF No. 60) were filed as a lengthy related document.

STEPABLES.COM" website ("the website") on April 28, 2005.  (ECF No. 60, Ex. 23.)  Plaintiff filed a copyright application for the website on July 27, 2005, and the registration for the website issued on July 29, 2005, Copyright Certificate #VA 1-333-190.  (Id.)

The Stepables brochure and website contain photographs created by Frances White, the president of UAFP.  (ECF No. 60-3, White Decl.)  Ms. White authorized plaintiff to use at least twenty-one (21) of her photographs in plaintiff's marketing materials.  (Id.)  Ms. White subsequently transferred all of her rights, title, and interest in the twenty-one photographs to plaintiff, retaining only a personal use license.  (Id.)  The twenty-one photographs were first published between 2001 and 2010.  (Id.)  Ms. White never authorized defendant to use the images.  (Id.)

Prior to filing this lawsuit, plaintiff filed individual copyright applications for twenty-one (21) of the images contained in the brochure and on the website.  Registration certificates for eighteen of the twenty-one images (18 of 21) were issued on April 14, 2014.[3]  (ECF No. 60, Exs.

---

[3] The registration certificates for the twenty-one copyrighted images are set forth in the table below.  (ECF No. 60, Exs. 1-21.)

| U.S. Copyright Registration Number | Title | Plaintiff's Exhibit Number | Plaintiff's Image Bates Number |
|---|---|---|---|
| VA 1-911-433 | Thymus Elfin Path – DSC01495 | 1 | 00001 |
| VA 1-911-379 | Ajuga Chocolate Chip With Stone – DSC01920 | 2 | 00002 |
| VA 1-911-399 | Mazus Purple Path With Stone – DSC05572 | 3 | 00003 |
| VA 1-911-402 | Sagina Subulata 'Aurea' 7 Over Rocks | 4 | 00004 |
| VA 1-911-405 | Isotoma Fluviatilis Blue Star Brick Path – DSC02417 | 5 | 00005 |
| VA 1-912-637 | Lotus 'Plenus' – DSC000.tiff | 6 | 00006 |
| VA 1-912-634 | Potentilla Neumanniana 'Nana' Cinquefoil | 7 | 00007 |
| VA 1-914-313 | Thymus Praecox 'Pseudolanoginus' | 8 | 00008 |
| VA 1-911-427 | Blue Star Creeper - Lion Bench 1 | 9 | 00009 |
| VA 1-911-424 | Mazus Reptans With Daffodils | 10 | 00010 |
| VA 1-911-416 | Irish Moss Stones | 11 | 00011 |
| VA 1-911-413 | Herniaria Glabra DSC04768 | 12 | 00012 |

1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19.)  Plaintiff filed copyright applications for three additional images, for which registration certificates were issued on May 5, 2014, October 24, 2014, and October 21, 2014, respectively.  (ECF No. 60, Exs. 3, 20, 21.)

Defendant Exterior Design, Inc. is a wholesale nursery and plant distributor which conducts business under the names, "The Perennial Farm," "Treadwell Perennials," and "Perennial Farm Marketplace."  (ECF No. 60-2, Deposition of Edward Kiley ("Kiley Depo.") at pp. 51, 109.)  Defendant developed the "Treadwell Plants" product line, and markets and sells its plant products via brochures, print, and online media, including at least four websites.[4]  (Id. at 51, 196.)

Plaintiff alleges that defendant copied and used images from plaintiff's brochure and website in its own marketing materials, including on defendant's website and on a trade show booth display.[5]  (ECF No. 60-1 at 8-9.)

| VA 1-912-639 | Sedum Spurium 'John Creech' Close Up | 13 | 00013 |
| VA 1-911-364 | Thymus Praecox 'Coccineus' | 14 | 00014 |
| VA 1-912-648 | Thymus Doerfleri 'Doone Valley' | 15 | 00015 |
| VA 1-912-653 | Mentha Requieni Corsican Mint | 16 | 00016 |
| VA 1-911-384 | Sedum Spurium 'John Creech' | 17 | 00017 |
| VA 1-912-210 | Thymus Serpyllum 'Elfin Thyme' Close Up | 18 | 00018 |
| VA 1-911-390 | Veronica Repens Sunshine Speedwell | 19 | 00019 |
| VA 1-932-120 | Mazus Reptans Close Up | 20 | 00020 |
| VA 1-932-121 | Muehlenbeckia Axillaria Nana | 21 | 00021 |

[4]  The known domain names of four of defendant's websites are: "www.TreadwellPlants.com"; "www.growingforyou.com"; "www.perennialfarm.com"; and "www.perennialmarketplace.com". (ECF No. 60-2, Kiley Depo. at p. 51.)

[5]  Plaintiff's Motion states that plaintiff "seeks summary adjudication that Under-A-Foot's 24 copyrighted photographs" were infringed by defendant.  (ECF No. 60-1 at 6) (emphasis added.)  While the court readily identifies twenty-one of the twenty-four photographs (see table, n. 4, above), the identity of the three additional photographs is unclear.  Exhibits 22 and 23 are registration certificates which do not contain accompanying photographs.  (ECF No. 60, Exs. 22, 23.)  Exhibit 24 is an email exchange—including numerous photographs, some of which plainly are not the allegedly protected works—between Frances White and Ed Kiley.  (Id., Ex. 24.)  Accordingly, the court addresses only defendant's liability for infringement of the twenty-one individual images, as set forth in the table above.

### III.     PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id.  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324.  A "scintilla" of evidence in favor of the non-moving party, however, is insufficient

to prevent an award of summary judgment.   Anderson, 477 U.S. at 252.   Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.   Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001).   Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party.   Anderson, 477 U.S. at 252.

### A.   Copyright Infringement

Copyright protection applies to "original works of authorship fixed in any tangible medium of expression."   17 U.S.C. § 102.   The owner of a copyright holds exclusive rights over the work, including the right to reproduce all or any part of the copyrighted work.   Id. § 106. The copyright owner may sue for infringement when another person violates one of the copyright holder's exclusive rights.   See id. § 501.   In order to establish a prima facie case of copyright infringement, a plaintiff must demonstrate "that (1) 'he owned the copyright to the work that was allegedly copied,' and (2) 'the defendant copied protected elements of the work.'" Thomas v. Artino, 723 F. Supp. 2d 822, 829 (D. Md. 2010), quoting Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350, 353 (4th Cir. 2001).

### 1. Plaintiff's Ownership

In order to prevail on its motion for partial summary judgment, plaintiff first must establish its ownership of a valid copyright in the images.   Here, plaintiff has produced several types of evidence in support of its claim of ownership.   Defendant, on the other hand, offers absolutely no evidence to dispute plaintiff's ownership, but merely argues—without any evidentiary support—that plaintiff's images should not be accorded a presumption of validity. (ECF No. 61 at 3-4.)

A "certificate of a [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright."  17 U.S.C. § 410(c).  If the certificate of copyright registration is not obtained within five years of the first publication of the work, the work is not entitled to the statutory presumption of validity, and the "evidentiary weight to be accorded the certificate...shall be within the discretion of the court."  17 U.S.C. § 410(c).  See Michael Grecco Photography, Inc. v. Everett Collection, Inc., 589 F. Supp. 2d 375, 381-82 (S.D.N.Y. 2008).

Plaintiff has produced the February 5, 2005 copyright registration certificate #VA 1-301-474 for its brochure (first published on August 27, 2004) and the July 29, 2005 copyright registration certificate # VA 1-333-190 for its website (first published on April 28, 2005).  (ECF No. 60, Exs. 22, 23.)  The brochure and the website contain fourteen of the twenty-one images which defendant is alleged to have infringed.[6]  (ECF No. 60-3, "White Decl.," ¶¶ 138-39.)  The Fourth Circuit has held that "where an owner of a collective work also owns the copyright for a constituent part of that work, registration of the collective work is sufficient to permit an infringement action of the constituent part."  Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003) (citing Morris v. Bus. Concepts, Inc., 259 F.3d 65, 68 (2d Cir. 2001).[7]  See also 2 Nimmer on Copyright § 7.16[B][5][c] (citing Xoom).  Plaintiff asserts that it is the owner of the copyright in the fourteen images contained in the brochure and on the website.  (ECF No. 60-3, "White Decl.")  Defendant offers no evidence to contradict plaintiff's claim of ownership in the underlying images.  (See ECF No. 61 at 3.)  While plaintiff did not register the constituent images until 2014, the evidence before the court indicates that plaintiff was at all times the owner

---

[6] The fourteen (14) images contained in the brochure and website are attached to Plaintiff's Motion as Exhibits 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 18, 19, and 20.  (See ECF No. 60-3, "White Decl.," ¶¶ 138-39.)

[7] Xoom was abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 160 (2010)).

of these works.   Under Xoom, plaintiff's registration of the brochure and website entitles plaintiff to "copyright protection to the underlying preexisting works of each."   Xoom, 323 F.3d at 283.   As the brochure and website were registered within five years of their first publication, moreover, plaintiff's copyright in the fourteen underlying images is presumptively valid.

Plaintiff has produced additional, persuasive evidence in support of its claim of ownership of the seven additional works[8] which defendant is alleged to have infringed.[9]   In particular, plaintiff has produced individual registration certificates for the twenty-one images. (ECF No. 60, Exs. 1-21.)   Because these certificates of registration were obtained in 2014, more than five years after first publication of the images, they do not constitute "prima facie evidence of the validity of the copyright."   17 U.S.C. § 410(c).   Instead, the "evidentiary weight to be accorded the certificate…[is] within the discretion of the court."   Id.   In light of the sworn affidavit of Frances White (in which Ms. White states that she is the creator of the images and that she transferred all rights in the images to plaintiff) and the absence of any contradictory evidence produced by defendant, the court attributes substantial weight to the individual registration certificates and will consider them to be prima facie evidence of plaintiff's valid copyrights in the images.   (ECF No. 60-3, "White Decl."; ECF No. 61 at 3.)   See Grecco, 589 F. Supp. 2d at 381-82 (finding that plaintiff owned valid copyrights in the images based on the "considerable evidence" produced by plaintiff and the lack of contradictory evidence produced by defendant).

In sum, through its registration of the brochure and website, through its subsequent registration of the twenty-one individual images, and in the absence of any evidence to the

---

[8] The seven (7) additional works are attached to Plaintiff's Motion as Exhibits 1, 2, 3, 5, 12, 17, and 21.  (ECF No. 60.)

[9] This evidence also constitutes alternative proof of plaintiff's ownership of the fourteen images published in the brochure and website.  (ECF No. 60-1 at 11-12.)

contrary, the court finds that there is no genuine dispute of material fact as to plaintiff's ownership of a valid copyright in the twenty-one images.  Accordingly, plaintiff is entitled to summary judgment on the first element of its copyright infringement claim.


## 2. Defendant's Copying

A plaintiff may prove the second element of its infringement claim—defendant's copying—either through direct or circumstantial evidence.  Thomas, 723 F. Supp. 2d at 830–31. See M. Kramer Manufacturing Co., Inc. v. Andrews, et al., 783 F.2d 421, 445 (4th Cir. 1986) ("If there was clear proof of actual copying by the defendants, that is the end of the case."); Bouchat v. Baltimore Ravens, Inc., 241 F.3d 350, 353-54 (4th Cir. 2001) ("Where direct evidence of copying is lacking, plaintiff may prove copying by circumstantial evidence in the form of proof that the alleged infringer had access to the work and that the supposed copy is substantially similar to the author's original work.")  Here, plaintiff asserts that there exists both direct and circumstantial evidence of defendant's copying of the protected images.  (ECF No. 60-1 at 8-9.)

### a)  Direct Evidence of Copying

To prove defendant's copying by direct evidence, plaintiff must show that defendant had access to the protected work and that defendant then reproduced that work.  Bouchat, 241 F.3d at 353-54.  Access may be proven by evidence that defendant "had an opportunity to view or copy [the protected works].  A mere possibility that such an opportunity could have arisen will not suffice.  Rather, it must be reasonably possible that the paths of the infringer and the infringed work crossed."  Towler v. Sayles, 76 F.3d 579, 582 (4th Cir. 1996) (citing 3 Nimmer on Copyright § 13.02[A], at 13–16 to 13–18 (1995)).

As direct evidence of defendant's copying, plaintiff states that, "[t]his Court need only look at Defendant's websites and other marketing material to see confirm [sic] what should be an uncontroverted fact." (ECF No. 60-1 at 8.) Plaintiff then refers to several of its images and their alleged use by defendant as evidence of defendant's direct copying. (Id.) In its opposition, defendant argues that because the court "was not provided with witness corroboration, physical evidence of copying, or any other form of direct evidence to support their [sic] assertion," plaintiff has not proven defendant's access or copying. (ECF No. 61 at 4-5.)

Plaintiff has not produced sufficient direct evidence of defendant's copying so as to warrant summary judgment.[10] The mere suggestion that "[t]his Court need only look at Defendant's websites and other marketing material to see confirm [sic] what should be an uncontroverted fact," does not by itself prove that defendant had access to or copied the protected works. (ECF No. 60 at 8.) While the publication of the images on plaintiff's website undoubtedly made them available for anyone to access, plaintiff has not produced evidence that defendant accessed the website.[11] As plaintiff has not produced direct evidence "that the paths of the infringer and the infringed work crossed," plaintiff is not entitled to summary judgment on this theory of defendant's copying. Towler, 76 F.3d at 582.

---

[10] While plaintiff has produced some materials (the correspondence between UAFP's Frances White and EDI's Ed Kiley) which might, with additional evidence, lead to a finding of direct infringement, the argument set forth in Plaintiff's Motion relies on the similarity of the defendant's images to plaintiff's protected works—not defendant's access. (See ECF No. 60, Ex. 24.) Moreover, while this correspondence might be offered as proof of defendant's copying, it does not establish defendant's access.

[11] Plaintiff has not, for instance, produced defendant's IP or internet history records showing that defendant accessed plaintiff's website(s). See generally Patrick Collins, Inc. v. Osburn, No. PWG-12-1294, 2014 WL 1682010, at *4 (D. Md. Apr. 28, 2014) (noting that IP records represent plausible evidence of an alleged infringer's access to protected works in the context of a motion to dismiss). While other courts have cast doubt on the probative value of using IP addresses as a means of identifying internet users, the court need not address whether IP records would suffice in this case to prove defendant's access. See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y.) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.")

### b)  **Circumstantial Evidence of Copying**

To prove defendant's copying by circumstantial evidence, plaintiff must show that "the alleged infringer had access to the work and that the supposed copy is substantially similar[12] to the author's original work." Bouchat, 241 F.3d at 353–54.[13] "[T]he owner of the copyright may prove access by demonstrating that the person who composed the allegedly infringing work had the opportunity to view or copy the copyrighted material." Thomas, 723 F. Supp. 2d at 831 (citing Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 143 (4th Cir.2000)). "A court's evaluation of substantial similarity should be based on the ordinary and reasonable layperson's overall impression of the two works..." Id. (citing Ganz Bros. Toys v. Midwest Importers of Cannon Falls, Inc., 834 F. Supp. 896, 901 (E.D. Va. 1993)). "While the general rule is that the question of substantial similarity is one for the jury, a court may nonetheless be justified in ruling for a plaintiff on a summary judgment motion when the similarities between plaintiff's and defendant's works are so 'overwhelming' as to preclude the possibility of independent creation." Thomas, 723 F. Supp. 2d at 831 (citing 3 Nimmer on Copyright § 12.10[B][3] (2010)). See also Segrets, Inc. v. Gillman Knitwear Co., 207 F.3d 56, 62 (1st Cir. 2000) (affirming district court's grant of partial summary judgment based on substantial

---

[12] Courts in this circuit have referred to the "strikingly similar" (Bouchat, 431 F. 3d at 355) and "substantially similar" (Thomas, 723 F. Supp. 2d at 831) doctrine interchangeably.

[13] On the question of access in the substantial similarity test, Nimmer observes that:

> "The Fourth Circuit constructs a conflict between the views of the Second and Seventh Circuit[s] that striking similarity is evidence of *access*, and that of the Fifth Circuit that it suffices to prove *copying* even absent any proof of access.  Though it aligns itself with the former view, it would seem that the two boil down to the same proposition: **If, on consideration of all the evidence, the only reasonable possibility, based on arresting overlaps between plaintiff's and defendant's works, is to conclude that the latter derived from the former, then the inferences arise[] that defendant had access to plaintiff's work and, as a factual matter, copied therefrom.**"

4 Nimmer on Copyright § 13.02[B] (2010) (footnotes omitted) (emphasis added).

similarity test); Wilcom Pty. Ltd. v. Endless Visions, 128 F. Supp. 2d 1027, 1031 (E.D. Mich. 1998), aff'd, 229 F.3d 1155 (6th Cir. 2000) (same).

Plaintiff argues that the images displayed on defendant's marketing materials and websites are not merely "strikingly similar," but "identical" to plaintiff's protected works.  (ECF No. 60-1 at 10.)  In support of this argument, plaintiff attaches to its Motion photographs of defendant's marketing materials and website.  (ECF No. 60, Exs. B, B-1.)

Defendant argues in opposition that the works are not "strikingly similar" and that "clear distinctions exist between [plaintiff's] images and Defendant's marketing materials."  (ECF No. 61 at 6-7.)  As examples of these "clear distinctions," defendant argues that plaintiff's "'Ajuga Chocolate Chip with Stone' is fundamentally different in lighting, angle, grass, arrangement, and stone shapes from Defendant's allegedly infringing images in its marketing materials."  (Id. at 7.) Similarly, defendant argues that plaintiff's "'Mazus Purple Path With Stone' is fundamentally different in lighting, angle, stone color, arrangement, and dimension from Defendant's allegedly infringing images in its marketing materials."  (Id.)  Defendant relies solely on argument and offers no evidence in support of its position.

Contrary to defendant's argument, the court finds that the similarities between twelve (12) of plaintiff's and defendant's works are sufficiently overwhelming as to preclude the possibility of independent creation.  Thomas, 723 F. Supp. 2d at 831.  The twelve "strikingly similar" works are:

| U.S. Copyright Registration Number | Title | Plaintiff's Image Bates Number[14] | Defendant's Image(s) Bates Number(s)[15] |
|---|---|---|---|
| VA 1-911-433 | Thymus Elfin Path – DSC01495 | 00001 | 00029 00030 00031 |
| VA 1-911-379 | Ajuga Chocolate Chip With Stone – DSC01920 | 00002 | 00032 00033 00034 00035 00038 00039 00040 |
| VA 1-911-399 | Mazus Purple Path With Stone – DSC05572 | 00003 | 00042 00046 |
| VA 1-911-402 | Sagina Subulata 'Aurea' 7 Over Rocks | 00004 | 00047[16] 00052 00053 00054 |
| VA 1-911-405 | Isotoma Fluviatilis Blue Star Brick Path – DSC02417 | 00005 | 00058 |
| VA 1-911-427 | Blue Star Creeper - Lion Bench 1 | 00009 | 00070 00073 |
| VA 1-911-424 | Mazus Reptans With Daffodils | 00010 | 00074 00075 |
| VA 1-911-416 | Irish Moss Stones | 00011 | 00076 00077 00078 00079 00080 |
| VA 1-912-639 | Sedum Spurium 'John Creech' Close Up | 00013 | 00090 |
| VA 1-912-648 | Thymus Doerfleri 'Doone Valley' | 00015 | 00096 |
| VA 1-911-384 | Sedum Spurium 'John Creech' | 00017 | 00101 00104 |
| VA 1-912-210 | Thymus Serpyllum 'Elfin Thyme' Close Up | 00018 | 00109 |

[14] These images were filed as ECF No. 60, Exs. 1, 2, 3, 4, 5, 9, 10, 11, 13, 15, 17, and 18. These images are referred to by Bates number for clarity.

[15] Defendants' images were originally filed as Exhibits B and B-1 to plaintiff's First Amended Complaint (ECF Nos. 37-4, 37-5) and were again filed as Exhibits B and B-1 to plaintiff's Motion for Summary Judgment (ECF No. 60). These images are referred to by Bates number for clarity. The table above includes only those images used by defendant (thirty-one in total) on which the court bases its finding of "striking similarity." Other purportedly infringing images were provided to the court in formats that were either too small or too unclear for the court to determine whether these images were "strikingly similar" to plaintiff's protected works.

[16] The court finds that this image is "strikingly similar" to plaintiff's protected work, even though defendant's image is a cropped, left-to-right inverted reproduction of plaintiff's original photograph. That is, the portion of plaintiff's photograph depicting the sidewalk has been cropped out of defendant's image. In addition, the image has been inverted or 'flipped' such that the taller bundle of green-stemmed white flowers is on the right half of defendant's image rather than on the left as in plaintiff's original. Notwithstanding these modifications, the similarities to plaintiff's protected work are overwhelming: the stone, stepped pathway; the shape and position of the flower bundles; the shape of the grass in the posterior part of the image; etc.

The court further notes that the shapes, colors, arrangement, and configuration of the objects depicted in plaintiff's protected works and defendant's infringing images are, if not identical, overwhelmingly similar.  Several of the images contain additional architectural and/or landscaping elements such as stones, pathways, benches, and fences which place the identity of the images beyond dispute.  (See, e.g., "Blue Star Creeper - Lion Bench 1," Bates # 00009.)[17] As the similarities between the twelve protected works and defendant's images (as set forth in the table above) are so overwhelming as to preclude the possibility of independent creation, and as defendant has offered no evidence to rebut this finding, plaintiff has proven that defendant copied its protected works.  Thomas, 723 F. Supp. 2d at 831.

Defendant raises one additional argument in opposition to Plaintiff's Motion, asserting that "there is a genuine dispute whether defendant actually used [plaintiff's] images."  (ECF No. 61 at 7.)  In support of this argument, defendant purports to rely upon the deposition testimony of its employee, Edward Kiley.  (Id.)  Citing three separate pages from Mr. Kiley's deposition, defendant asserts that the photographs used on its website may have been obtained "from garden centers, landscapers, and public domain websites," from purchases through "various websites" or the product of "independent creation."  (Id.)  Thus, defendant appears to argue, plaintiff is not entitled to summary judgment because plaintiff is unable to prove that defendant copied plaintiff's protected works.

As defendant has not attached a copy of Mr. Kiley's deposition to its opposition, any assertions of fact contained therein are not properly considered at the summary judgment stage.

---

[17] While all plants of a given species reasonably might be expected to look similar, the court's determination of the "striking similarity" of the images is based not merely on the similar appearance of the underlined plants depicted, but also on the position and/or configuration of the plants and other objects depicted in the photographs.  This perspective is perhaps best illustrated by a contrasting example: the undefined and largely uniform shape and layout of the plants depicted in plaintiff's protected image entitled "Mentha Requieni Corsican Mint" (Bates 00016) and defendant's images 00097-99 make it impossible for the court to say whether the images are "strikingly similar"—much less "overwhelmingly" so, as necessary to warrant summary judgment.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by...citing to particular parts of materials <u>in the record</u>." Fed. R. Civ. P. 56(c)(1) (emphasis added).[18]   <u>See</u> <u>also</u> <u>Micro-Sparc, Inc. v. Weinstock</u>, 758 F.2d 790, 792 (1st Cir. 1985) (explaining that Rule 56 "means what it says," and that absent "affidavits or memoranda that 'set forth specific facts showing that there is a genuine issue for trial[,]' the district court could reasonably conclude on the basis of the papers before it that there was no such issue.")[19]

Even if Mr. Kiley's deposition testimony were part of the record, it would not be relevant, as it would not preclude defendant's liability under the Copyright Act for defendant's reproduction of the protected works. <u>See</u> 17 U.S.C. § 102.  That is, even if—as Mr. Kiley seems to assert—the images were obtained through intermediaries, defendant would still be liable for reproducing plaintiff's protected works without permission. (ECF No. 61 at 7.)   Similarly, defendant's statement that "Mr. Kiley also references independent creation as a potential source of the images" does not create a genuine issue of material fact so as to preclude summary judgment.  (<u>Id</u>.)  <u>See</u> <u>Cox</u>, 249 F.3d 295 at 299 ("Mere speculation by the non-moving party cannot create a genuine issue of material fact.").

Defendant's reliance on <u>Keeler Brass Co. v. Cont'l Brass Co.</u>, 862 F.2d 1063, 1066 (4th Cir. 1988) is unavailing.  In <u>Keeler</u>, the Fourth Circuit stated that <u>evidence</u> of independent creation would serve to rebut a plaintiff's <u>prima facie</u> evidence of infringement.  (<u>Id</u>.) (explaining that defendants-appellees had produced testimony of two individuals in order to rebut plaintiff's

---

[18] The Advisory Committee Notes to the 2010 Amendment to Rule 56 state: "Subdivision (c)(1)(A) describes the familiar record materials commonly relied upon and requires that the movant cite the particular parts of the materials that support its fact positions. <u>Materials that are not yet in the record--including materials referred to in an affidavit or declaration--must be placed in the record</u>." Fed. R. Civ. P. 56 (emphasis added).

[19] As set forth above, this argument must fail on account of the insufficiency of the evidence provided. Fed. R. Civ. P. 56(c)(1).  Moreover, while Rule 56(e) does allow the court to "give [a party] an opportunity to properly support or address" a material fact, such relief is not warranted in these circumstances. Fed. R. Civ. P. 56(e)(1).

prima facie case).  Here, by contrast, Mr. Kiley's mere "reference" to "independent creation as a possible source" would not be admissible evidence that may be used to rebut plaintiff's claim.

The court, therefore, finds that there is no genuine dispute of material fact as to (1) plaintiff's ownership of the protected works and (2) defendant's copying of twelve of the twenty-one protected works.  Accordingly, Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability is granted in part and denied in part.  Specifically, Plaintiff's Motion is GRANTED as to the following twelve (12) works:

| U.S. Copyright Registration Number | Title | Plaintiff's Exhibit Number | Plaintiff's Image Bates Number |
|---|---|---|---|
| VA 1-911-433 | Thymus Elfin Path – DSC01495 | 1 | 00001 |
| VA 1-911-379 | Ajuga Chocolate Chip With Stone – DSC01920 | 2 | 00002 |
| VA 1-911-399 | Mazus Purple Path With Stone – DSC05572 | 3 | 00003 |
| VA 1-911-402 | Sagina Subulata 'Aurea' 7 Over Rocks | 4 | 00004 |
| VA 1-911-405 | Isotoma Fluviatilis Blue Star Brick Path – DSC02417 | 5 | 00005 |
| VA 1-911-427 | Blue Star Creeper - Lion Bench 1 | 9 | 00009 |
| VA 1-911-424 | Mazus Reptans With Daffodils | 10 | 00010 |
| VA 1-911-416 | Irish Moss Stones | 11 | 00011 |
| VA 1-912-639 | Sedum Spurium 'John Creech' Close Up | 13 | 00013 |
| VA 1-912-648 | Thymus Doerfleri 'Doone Valley' | 15 | 00015 |
| VA 1-911-384 | Sedum Spurium 'John Creech' | 17 | 00017 |
| VA 1-912-210 | Thymus Serpyllum 'Elfin Thyme' Close Up | 18 | 00018 |

Plaintiff's Motion is DENIED as to the following nine (9) works:

| U.S. Copyright Registration Number | Title | Plaintiff's Exhibit Number | Plaintiff's Image Bates Number |
|---|---|---|---|
| VA 1-912-637 | Lotus 'Plenus' – DSC000.tiff | 6 | 00006 |
| VA 1-912-634 | Potentilla Neumanniana 'Nana' Cinquefoil | 7 | 00007 |
| VA 1-914-313 | Thymus Praecox 'Pseudolanoginus' | 8 | 00008 |
| VA 1-911-413 | Herniaria Glabra DSC04768 | 12 | 00012 |
| VA 1-911-364 | Thymus Praecox 'Coccineus' | 14 | 00014 |
| VA 1-912-653 | Mentha Requieni Corsican Mint | 16 | 00016 |
| VA 1-911-390 | Veronica Repens Sunshine Speedwell | 19 | 00019 |
| VA 1-932-120 | Mazus Reptans Close Up | 20 | 00020 |
| VA 1-932-121 | Muehlenbeckia Axillaria Nana | 21 | 00021 |

## IV.   DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO STRIKE

### A.   Defendant's Motion to Strike

Defendant's Motion to Strike (ECF No. 59) was filed on March 17, 2016, well beyond the period in which defendant could have moved to strike portions of plaintiff's amended complaint.  Fed. R. Civ. P. 12(f)(2).  While the court may also strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," defendant does not identify—and the court does not perceive—any material in plaintiff's second amended complaint that should be stricken on this basis.  Fed. R. Civ. P. 12(f).

Accordingly, defendant's Motion to Strike is DENIED.

### B.   Defendant's Motion for Judgment on the Pleadings

Defendant also moves for judgment on the pleadings as to plaintiff's state law claims, arguing that "these claims are completely preempted by the Copyright Act."  (ECF No. 59-1 at 4.)   In response, plaintiff argues that its state law claims—unfair competition through misappropriation (Count Two) and unjust enrichment (Count Three)—are "qualitatively different" from its copyright infringement claim and, therefore, should not be dismissed.  (ECF No. 62 at 21-22.)

#### 1. Standard of Review

"A court reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) applies the same standard applicable to motions made under Rule 12(b)(6)."  Puffinberger v. Commercion, LLC, 2014 WL 120596, at *2 (D. Md. Jan. 10, 2014). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999).  The motion "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears

certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. at 244.

Pursuant to Rule 12(d), a motion for judgment on the pleadings is converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "Matters such as exhibits are outside the pleadings if a complaint's factual allegations are not expressly linked to and dependent upon such matters." Williams v. Branker, 462 F. App'x 348, 352 (4th Cir. 2012).

Here, defendant's motion is not supported by any exhibits, affidavits, or other documentary evidence. (ECF No. 59.) The motion, therefore, must be construed as a motion to dismiss—not a motion for summary judgment pursuant to Rule 12(d) and Rule 56.

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). A complaint need only state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Preemption

Plaintiff has alleged state law claims of unfair competition (Count Two) and unjust enrichment (Count Three).  (ECF No. 37 at 10-12.)  Defendant argues that plaintiff has failed to state a plausible claim for relief on these counts because the state law causes of action are preempted by federal copyright law.  (ECF No. 59-1 at 4.)  "To determine whether a state claim is preempted by the [Copyright] Act, courts must make a two-part inquiry: (1) the work must be within the scope of the subject matter of copyright, and (2) the state law rights must be equivalent to any exclusive rights within the scope of federal copyright." Costar Grp. Inc. v. Loopnet, Inc., 164 F. Supp. 2d 688, 713 (D. Md. 2001), aff'd, 373 F.3d 544 (4th Cir. 2004) (quoting Fischer v. Viacom Intern. Inc., 115 F.Supp.2d 535, 540 (D.Md.2000)).  The scope of the subject matter of copyright encompasses "original works of authorship fixed in any tangible medium of expression" including literary, pictorial, and audiovisual works. 17 U.S.C. § 102(a). As both of plaintiff's state law claims involve the alleged infringement of its protected works, the first prong of the preemption test is satisfied.

As to the second prong of the test, plaintiff's state law claims would not be preempted by the Copyright Act if the state law causes of action "incorporate elements beyond those necessary to prove copyright infringement, and []regulate conduct qualitatively different from the conduct governed by federal copyright law." Trandes Corp. v. Guy F. Atkinson Co., 996 F.2d 655, 659 (4th Cir. 1993).

Here, plaintiff fails to explain what extra element plaintiff's unfair competition through misappropriation claim incorporates or how the conduct targeted by this claim is "qualitatively different" from that governed by federal copyright law.  The gravamen of plaintiff's allegations remains defendant's wrongful copying and unauthorized use of the protected works: "Defendant

has used the <u>misappropriated</u> <u>property</u> to directly compete against Plaintiff for customers." (ECF No. 37 at ¶ 54) (emphasis added.) As the court recently explained: "[t]he distinction between those unfair competition claims that are not preempted and those that are is that 'claims based upon breaches of confidential relationships, breaches of fiduciary duty and trade secrets have been held to satisfy the extra-element test, <u>whereas claims of misappropriation and unfair competition based solely on the copying of the plaintiff's protected expression fail that test</u>.'" <u>Sinclair Broad. Grp., Inc. v. Colour Basis, LLC</u>, CCB-14-2614, 2016 WL 3541204, at *9 (D. Md. June 29, 2016) (quoting <u>Costar</u> <u>Grp.</u>, 164 F. Supp. 2d at 713) (emphasis added). <u>See</u> <u>also</u> <u>Lowry's Reports, Inc. v. Legg Mason, Inc.</u>, 271 F. Supp. 2d 737, 755 (D. Md. 2003). Thus, plaintiff's unfair competition claim is preempted by the Copyright Act.

Plaintiff's unjust enrichment claim similarly lacks an "extra element" which would make it "qualitatively different" from the copyright-based claim. (See ECF No. 37 at ¶¶ 58-64.) Plaintiff's principal allegation is that, "Defendant has received and continues to receive an unjust benefit from its <u>unauthorized</u> <u>use</u> <u>of</u> <u>Plaintiff's</u> <u>property</u>." (<u>Id</u>. at ¶ 60) (emphasis added.) This claim, however, "merely reiterate[s] the alleged facts underlying the plaintiff's copyright claim," as "the unlawful retention of intellectual property rights is the domain of copyright law." <u>LTVN Holdings, LLC v. Odeh</u>, CCB-09-789, 2010 WL 2612690, at *6 (D. Md. June 25, 2010) (citing <u>U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Alabama</u>, 104 F.3d 1453, 1463 (4th Cir. 1997)). <u>See</u> <u>also</u> <u>Thomas</u>, 723 F. Supp. 2d at 835 (unjust enrichment claim precluded where enrichment based on unauthorized reproduction). Thus, plaintiff's unjust enrichment claim is also preempted by the Copyright Act.

Accordingly, defendant's motion for judgment on the pleadings as to plaintiff's state law unfair competition (Count Two) and unjust enrichment (Count Three) claims is GRANTED, and these claims shall be dismissed.

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion (ECF No. 60) is GRANTED IN PART and DENIED IN PART, and Defendant's Motion (ECF No. 59) is GRANTED IN PART and DENIED IN PART, as set forth above.

A separate Order follows.


Date: September 1, 2016                        _____/s/_____
                                                                    Beth P. Gesner
                                                                    United States Magistrate Judge