IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNDER A FOOT PLANT, CO.          :
                                 :
    Plaintiff,                   :
                                 :
v.                               :         CIVIL NO. BPG-15-871
                                 :
EXTERIOR DESIGN, INC.            :
                                 :
    Defendant.                   :

**DEFENDANT, EXTERIOR DESIGN, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REBUTTAL EXPERT REPORTS AND DISQUALIFY DEFENDANT'S REBUTTAL EXPERTS**

COMES NOW the Defendant, Exterior Design, Inc., by and through its attorney, Charles A. Arcodia and, in response to Plaintiff's Motion to Strike Defendant's Rebuttal Expert Reports and Disqualify Defendant's Rebuttal Experts, states as follows:

**BACKGROUND:**

On October 25, 2016, this Court entered an Order [Doc. 69] (the "Experts Scheduling Order") adopting the schedule for expert discovery proposed in the October 18, 2016 Joint Status Report [Doc. 68]. The Parties negotiated the proposed schedule for expert discovery between October 4, 2016 and October 13, 2016. See Email Exchange between Charles Arcodia to Jan I. Berlage, attached as Exhibit 1. It was clearly the intention and understanding of Defense counsel the Plaintiff would issue their expert report and then the Defendants would respond/rebut by January 30, 2017 (see email dated October 11, 2016 as Exhibit 1). On February 1, 2017, Plaintiff sent a letter to Defendant's counsel identifying the procedural and substantive failures Defendant's expert reports. Letter from Jan I. Berlage to Charles A. Arcodia (Feb. 1, 2017), attached as Exhibit 2 of Plaintiff's motion. The next morning, Defendant's counsel sent a responsive letter contending that the "Plaintiff's experts (sic) reports would be due December 15,

2016 and then defense expert reports in rebuttal to the same would be due January 30, 1017 confirming defense counsel's understanding contained in the email) (sic)." Letter from Charles A. Arcodia to Jan I. Berlage and Michael Dell Long (Feb. 2, 2017), attached as Plaintiff's Exhibit 3, also agreeing to allow deposition. Therefore, the submission of the Defense rebuttal reports by January 30, 2017 were timely.

I. **Defendant's Designation of Rebuttal Experts was Timely and Should not Be Stricken.**

A. **Defendant's Witnesses are Proper Rebuttal Witnesses.**

Defendant's designation of rebuttal witnesses and accompanying reports were within the confines of the scheduling order which provided that rebuttal experts are to be designated by January 30, 2017. Defendants argument is twofold. Plaintiff's initial Expert Designation of Professor Sedik (attached as exhibit 2) specifically stated the topic of his testimony as one word, "damages." Each of the three reports submitted by Defendant dispute and challenge damages. Professor Sedlik opines the Plaintiff sustained actual damages or alternatively statutory damages. To dispute the actual damages Mr. Lovejoy, who is in a similar business as the Plaintiff and purchases photographs regularly was designated to testify as to the value of similar photos to challenge actual damage testimony. Mr. Strasdauskas provides the total profit the Defendants made if all the plants sold based on the photographs of the Plaintiff (and it should be noted Defendant had multiple photographs for each plant in question in addition to Plaintiff's) for the years in question, i.e. the maximum value of the photographs in terms of how the Defendant benefited. As stated, the Professor also claims the maximum statutory damages should be allowed because the conduct of the Defendants was wanton and willful. Defendant's witness, Mr. Cammer clearly explains how easily the photographs are obtained and can be manipulated

and how the photographs could easily be confusing to any person. Hence, Mr. Cammer's testimony rebuts any claim of wanton and willful.

Plaintiff claims the reports are deficient because they are unsigned and do not disclose how much they were paid and their previous testimony. Counsel for Defendant by letter (Plaintiiff's Exhibit 3), which plaintiff acknowledges Defense counsel advised the Plaintiff none of the witnesses charged for their services and none have ever testified before. Counsel for Defendant has provided a signed copy of the report of Mr. Strasdauskas and will provide signed copies of the reports of Mr. Lovejoy and Cammer.

If the Court should find the reports are not rebuttal, it is the contention of the Defendant given the nature of the witnesses and their testimony no report is required under the Rules. Plaintiff argues that Defendant's identification of rebuttal experts is inadequate because it fails to meet the requirements of Rule 26(a)(2)(B) and (C). Plaintiff acknowledges in a subsequent letter to their motion, the Defendant had properly named Cammer and Strasdauskas as expert witness over a year earlier. However Plaintiff asserts that the reports of Edward Cammer, Robert Lovejoy, and Tim Strasdauskas offer personal opinions about issues not raised in Plaintiff's expert's report and thus are not proper rebuttal witnesses. Federal Rule of Civil Procedure 26(a) sets forth the requirements for disclosing expert testimony and states that parties must identify any witnesses that they "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *Id.* 26(a)(2)(A). Rule 26(a)(2)(B) contemplates two types of experts: the expert whose opinions may be presented at trial but who is not required to submit a report and includes experts whose opinions are based on firsthand knowledge and who do not regularly provide testimony and are not considered "retained or specially employed" to provide testimony;

and the expert who is required to submit a report because he was retained or specially employed for the purpose of providing expert testimony. which includes the expert whose testimony is based on secondhand information to which he has no personal knowledge. Equally important is Federal Rule of Evidence 701 which limits the opinions of lay witnesses. Rule 701 provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions ... based on the perception of the witness ...[and ...] not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 is intended to prohibit parties from evading the expert disclosure requirements by offering what amounts to expert testimony from lay witnesses, such as the parties or their employees.

As noted by Plaintiff in its Motion, these witnesses are identified by Defendant as rebuttal witnesses. They are not designated as witnesses for Defendant's case-in-chief. In the present case, none of Defendant's expert witnesses were retained or specially employed to provide testimony at trial, nor have duties that regularly involve giving expert testimony.

B. Defendant's Reports are Rebuttal Reports as defined under Federal Rule 26(a)(2)(B).

Plaintiff asserts in its Motion, that none of Defendant's three reports refers to or rebuts an opinion of Prof. Sedlik, but instead offers their personal opinions about the evidence and/or issues in this case, none of which were raised in Prof. Sedlik's report. Plaintiff further asserts that Defendant's reports are incomplete in direct violation of FRCP 26(a)(2) and the doctrine of this Court and deprive Plaintiff of (1) the ability to rebut the reports and (2) the ability to adequately prepare for cross-examination, including consultation with appropriate experts and thus, the

reports should be stricken. Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert "retained or specially employed to provide expert testimony ... or one whose duties as the party's employee regularly involve giving expert testimony" to submit a written report which "must contain ... a complete statement of all opinions the witness will express and the basis and reasons for them..." Rule 26 differentiates between disclosures of witnesses who provide a written report, and those who do not. Compare id. 26(a)(2)(B) with id. 26(a)(2)(C). A full written and signed report is required from an expert who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Id. 26(a)(2)(B). In contrast, when an expert is not required to provide a written report under subsection (B), the attendant disclosure is "considerably less extensive." FED. R. CIV. P. Advisory Committee's Notes (2010 Amendments).

In determining whether a Rule 26(a)(2)(B) report is required, the determination turns on the substance of the expert's testimony. Singletary v. Stops, Inc., No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010). A witness must submit a report regarding any opinions formed specifically in anticipation of litigation, or otherwise outside the normal course of a duty." Meyers v. National R.R. Passenger Corp. (Amtrak), 619 F.3d 729, 734–35 (7th Cir. 2010); see also Meredith, 2012 WL 3025139, at 5.

In the case at hand, the designated rebuttal experts are un-retained witnesses opining on issues regarding damages in rebuttal to the opinions expressed in Plaintiff's expert's report and are testifying to personal observations which relate to the subject matter of litigation, or knowledge gained from industry experience or review of records prepared in the ordinary course of business. Therefore, pursuant to Rule 26(a)(2)(B) with id. full written reports are not required.

### c. Defendant's Rebuttal Experts Should Not Be Precluded because there is no Harm or Prejudice to the Plaintiff

In its Motion, Plaintiff argues that in addition to procedural failures, Defendant's rebuttal reports should be stricken because none of the reports are sufficiently detailed such that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. Plaintiff's argument is clearly disingenuous. Each of Defendant's rebuttal witnesses are being offered for a specific, narrow purpose -- to respond to Plaintiff's expert's opinions as set forth in his report and at trial and will have a correspondingly limited scope. Thus, Plaintiff should require no significant, additional time to prepare to depose or respond to a witness who will testify about an issue they have already formulated and articulated. For similar reasons, Plaintiff has no need to prepare an additional expert to rebut any of Defendant's expert witness testimony, since the only purpose for the testimony is to respond to and rebut Plaintiff's expert's opinions.

Defendant has clearly identified the issues about which its rebuttal experts will testify. Thus, the scope of the rebuttal experts' testimony is narrow, focused, and has been timely disclosed to the Plaintiff. Further, Defendant has no objection to Plaintiff Counsel deposing any of the named rebuttal experts and Plaintiff has plenty of time prior to the close of discovery and trial to do so. Furthermore, any burden on Plaintiff is outweighed by the necessity that the Defendant be given an opportunity to put forth a defense in this case. The rebuttal experts are critical to enable the Defendant to fully respond to the likely arguments Plaintiff will make at trial and precluding these rebuttal witnesses would effectively preclude Defendant from fully defending its interests.

## II. Daubert Challenges to Defendant's Rebuttal Expert Reports

Plaintiff asserts that Defendant's Expert Reports should be stricken because none of the Defendant 's Expert Reports are expert testimony under Fed. R. Evid. 702 and the *Daubert*

framework. Under *Daubert*, "[e]xpert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993).

Specifically, Plaintiff challenges each rebuttal expert's report on the basis that the opinions expressed are outside the scope of the witnesses' expertise, not appropriate expert testimony, and not based on sufficient facts or data. However, an analysis under *Daubert* does not require a determination that the testimony "is irrefutable or certainly correct." *Id.* at 565. *Daubert* is about the admissibility of an expert's testimony, not the weight that testimony should carry with the trier of fact.

Plaintiff's challenges do not go to the reliability of the rebuttal experts testimony, instead they are the type of objections that may be introduced on cross-examination or through the presentation of contrary evidence and do not warrant the exclusion of Defendant's rebuttal experts. Defendant has designated each rebuttal witnesses for the specific purpose of rebutting testimony regarding damages set forth by Plaintiff's expert witness, Sedlik. Thus, through its Motion, Plaintiff is seeking to strike experts designated by Defendant for the purpose of rebutting the testimony of Plaintiff's expert on the critical issue of damages. Plaintiff's attempt to disguise what is proper cross examination as a *Daubert* motion is clearly an attempt to have the court exclude testimony that would otherwise be beneficial to the Defendant in presenting a defense to the damages issue in this case. As noted by the Court in *Meyers*, this remedy,

"exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904–05 (3rd Cir. 1977).

WHEREFORE, for the arguments presented by the Defendant, the Plaintiff's Motion to Strike Defense Experts should be DENIED in its entirety.

_____
CHARLES A. ARCODIA, ESQ.
Bar No. 22975
The Law Office of Charles A. Arcodia
14346 Jarrettsville Pike, Suite 3
Phoenix, MD  21131
(410) 628-1401…phone
(410) 628-1402…fax
carcodia@arcodialaw.com
Attorney for the Defendants

## CERTIFICATE REGARDING SERVICE

I hereby certify that a copy of the Defendants' Opposition to Motion to Strike Experts was mailed and/or e-served on this 16th day of February, 2017 to:

Jan I. Berlage, Esq (Bar No. 23937)
Gohn Hankey Stichel & Berlage, LLP
201 N. Charles Street, Suite 2101
Baltimore, MD 21201
Attorney for the Plaintiff UAFPC

Michael Dell Long, Esq.
Swider Haver
621 SW Morrison Street, Suite 1420
Portland, OR 97205
Attorney for the Plaintiff UAFPC

_____
CHARLES A. ARCODIA, ESQ.
Bar No. 22975
The Law Office of Charles A. Arcodia
14346 Jarrettsville Pike, Suite 3
Phoenix, MD  21131
(410) 628-1401…phone
(410) 628-1402…fax
carcodia@arcodialaw.com
Attorney for the Defendant

CAA/cef

# EXHIBIT 1

**Charles Arcodia**

**From:** Jan I. Berlage <JBerlage@ghsllp.com>
**Sent:** Thursday, October 13, 2016 4:59 PM
**To:** Charles Arcodia
**Subject:** RE: Under A Foot v. Exterior Design  S1-213977-001

Will do.

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Thursday, October 13, 2016 4:58 PM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

I do the majority of my work in the State Courts and my previous Fed cases they always break it down by party. I will defer to you. If you don't mind prepare the formal letter and I will review. Please fwd in word in case we have any modifications.

Thanks.

caa

**From:** Jan I. Berlage [mailto:JBerlage@ghsllp.com]
**Sent:** Thursday, October 13, 2016 2:38 PM
**To:** Charles Arcodia <carcodia@arcodialaw.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; Michael Dell Long <mlong@swiderhaver.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Charles:

Typically, expert reports are due simultaneously. If your expert is responding to our expert, that is fine; that is what the rebuttal is for. If your expert is providing independent opinion, then he or she should not have any problem offering them independently and simultaneously with our expert's opinion.
Breaking up the way you suggest also needlessly prolongs the process.

On a separate issue, please let us know when we can expect to receive your updated discovery responses with your client's information for 2015 and 2016, none of which we have received to-date.

Thank you for your assistance in this matter.

Regards,
Jan

1

**GOHN HANKEY STICHEL & BERLAGE LLP**

**Baltimore**
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 fax

**Annapolis**
111 Cathedral Street
Suite 301
Annapolis, Maryland 21401

Jan I. Berlage
Direct: 410-752-1261
Mobile: 443-857-7789
JBerlage@ghsllp.com

www.ghsllp.com

---

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Thursday, October 13, 2016 2:04 PM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Why are you opposed to breaking down by Plaintiff and Defendant and then rebuttal?

caa

**From:** Jan I. Berlage [mailto:JBerlage@ghsllp.com]
**Sent:** Thursday, October 13, 2016 1:13 PM
**To:** Charles Arcodia <carcodia@arcodialaw.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; caaoffice <caaoffice@arcodialaw.com>; Michael Dell Long <mlong@swiderhaver.com>; Tracey Collins <TCollins@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Charles:

Just following up on my below email.

Regards,
Jan

**GOHN HANKEY STICHEL & BERLAGE LLP**

**Baltimore**
201 North Charles Street
Suite 2101
Baltimore, Maryland 21201
410-752-9300
410-752-2519 fax

**Annapolis**
111 Cathedral Street
Suite 301
Annapolis, Maryland 21401

Jan I. Berlage
Direct: 410-752-1261
Mobile: 443-857-7789
JBerlage@ghsllp.com

www.ghsllp.com

**From:** Jan I. Berlage
**Sent:** Tuesday, October 11, 2016 3:32 PM
**To:** 'Charles Arcodia' <carcodia@arcodialaw.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; caaoffice <caaoffice@arcodialaw.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

How does this work?

    Expert disclosures:    December 15, 2016

    Rebuttal disclosures:    January 30, 2017

    Deposition deadline:    February 24, 2017

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Tuesday, October 11, 2016 3:29 PM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; caaoffice <caaoffice@arcodialaw.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Thanks. We need a gap of at least 30 days (45 if over Christmas Holiday) between when we get your reports to when we file ours. Ours will be in response/rebuttal to your reports.

caa

**From:** Jan I. Berlage [mailto:JBerlage@ghsllp.com]
**Sent:** Tuesday, October 11, 2016 2:20 PM
**To:** Charles Arcodia <carcodia@arcodialaw.com>
**Cc:** Michael Dell Long <mlong@swiderhaver.com>; Charlotte Gill <CGill@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Charles:

I am just following up on my proposed dates. I would like to have this matter rapped up by the end of the week, given that our Joint Status Report to Judge Gesner is due next Tuesday, October 18, 2016.

Thanks,
Jan

**GOHN HANKEY STICHEL & BERLAGE LLP**

| *Baltimore* | *Annapolis* | *Jan I. Berlage* |
|---|---|---|
| 201 North Charles Street | 111 Cathedral Street | Direct: 410-752-1261 |

*Suite 2101*
*Baltimore, Maryland 21201*
*410-752-9300*
*410-752-2519 fax*

*Suite 301*
*Annapolis, Maryland 21401*

Mobile: 443-857-7789
JBerlage@ghsllp.com

*www.ghsllp.com*

---

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Friday, October 07, 2016 9:23 AM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Thanks. Will review.

Saw you are doing the hearsay seminar with my buddy Dennis O'Brien. Good luck.

caa

**From:** Jan I. Berlage [mailto:JBerlage@ghsllp.com]
**Sent:** Thursday, October 6, 2016 7:05 PM
**To:** Charles Arcodia <carcodia@arcodialaw.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; Bosse, Michelle D <mbosse@nationwide.com>; Michael Dell Long <mlong@swiderhaver.com>; Charlotte Gill <CGill@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001
**Importance:** High

Charles:

Based upon the dates you provided and our expert Professor Sedlik's schedule, we propose the following dates:

    Expert disclosures:    December 15, 2016

    Rebuttal disclosures:    January 16, 2017

    Deposition deadline:    February 16, 2017

We look forward to your approval or counter-proposal.

Regards,
Jan

GOHN HANKEY STICHEL & BERLAGE LLP

**Baltimore**
201 North Charles Street

**Annapolis**
111 Cathedral Street

*Jan I. Berlage*
Direct: 410-752-1261

4

Suite 2101  
Baltimore, Maryland 21201  
410-752-9300  
410-752-2519 fax  

Suite 301  
Annapolis, Maryland 21401  

Mobile: 443-857-7789  
JBerlage@ghsllp.com  

www.ghsllp.com

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Thursday, October 06, 2016 3:33 PM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Cc:** 'Jun Lee' <Jun@rklpatlaw.com>; Bosse, Michelle D <mbosse@nationwide.com>
**Subject:** RE: Under A Foot v. Exterior Design S1-213977-001

Thank you for your email. My clients are serious about settlement we just prefer to conduct negotiations before a qualified mediator.

As for the deadlines we propose the following:

Plt expert reports November 15, 2016
Defendant Expert reports December 31, 2016
Rebuttal reports: January 15, 2017
Expert discovery concluded by March 1, 2017.

Please advise.

Thanks.

caa

**From:** Jan I. Berlage [mailto:JBerlage@ghsllp.com]
**Sent:** Tuesday, October 4, 2016 6:21 PM
**To:** Charles Arcodia <carcodia@arcodialaw.com>
**Cc:** caaoffice <caaoffice@arcodialaw.com>; Michael Dell Long <mlong@swiderhaver.com>; Joseph Dudek <JDudek@ghsllp.com>
**Subject:** RE: Under A Foot v. Exterior Design

Charles:

Given your below response, it does not appear that your client is serious about settlement. We have no interest in mediation in light of that. We are willing to reconsider our position if/when your client provides us with a reasonable counteroffer.

Your client has been under a continuing duty to update your production and clarify/answer the interrogatories, as specified in our January 7, 2016 Meet and Confer letter. Without affecting the discovery demands set forth in that letter, we specifically request your client's marketing materials for 2015 and 2016, including, but not limited to, catalogs, brochures, tags, posters, signs, banners, bench

5

cards/display cards, copies of all pages of websites (and source code), and all correspondence related to the creation and/or distribution of the same.

Subject to availability, we propose the following schedule for experts:

1. Expert reports are due November 15, 2016;
2. Rebuttal reports are due December 1, 2016; and
3. Expert depositions will be concluded by January 6, 2017.

We look forward to hearing from you, so that we can finalize our Joint Status Report to Judge Gesner.

Regards,
Jan

GOHN HANKEY STICHEL & BERLAGE LLP

| Baltimore | Annapolis | Jan I. Berlage |
|---|---|---|
| 201 North Charles Street | 111 Cathedral Street | Direct: 410-752-1261 |
| Suite 2101 | Suite 301 | Mobile: 443-857-7789 |
| Baltimore, Maryland 21201 | Annapolis, Maryland 21401 | JBerlage@ghsllp.com |
| 410-752-9300 | | |
| 410-752-2519 fax | | |

www.ghsllp.com

**From:** Charles Arcodia [mailto:carcodia@arcodialaw.com]
**Sent:** Tuesday, October 04, 2016 11:31 AM
**To:** Jan I. Berlage <JBerlage@ghsllp.com>
**Subject:** Re: Under A Foot v. Exterior Design

I believe they would prefer to make their initial offer at mediation. What are you looking for in 2015 and 2016?

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.

**From:** Jan I. Berlage
**Sent:** Tuesday, October 4, 2016 11:05 AM
**To:** Charles Arcodia
**Cc:** caaoffice; Michael Dell Long; Joseph Dudek
**Subject:** RE: Under A Foot v. Exterior Design

Charles:

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNDER A FOOT PLANT, CO. | * |
| Plaintiff | * |
| v. | *   Case No.: JKB-15-0871 |
| EXTERIOR DESIGN, INC. | * |
| Defendant | * |

\* * * * * * * * * * * *
*

## DESIGNATION OF EXPERT

Plaintiff Under A Foot Plant Company hereby designates the following expert as a consulting expert on its behalf as to its damages in this case and reserves its right to further designate the following expert as a testifying expert when, and if, appropriate:

Professor Jeff Sedlik
2797 East Foothill Boulevard, Suite 120
Pasadena, CA 91107

Topic: Damages

Respectfully submitted,

Jan I. Berlage
Gohn, Hankey & Stichel, LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
T: (410) 752-1261
F: (410) 752-2519
JBerlage@ghsllp.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December 2015 a copy of Plaintiff's Designation of Expert along with Professor Jeff Sedlik's *Curriculum Vitae* were served via electronically and/or first class mail, postage pre-paid to:

>Charles A. Arcodia, Esquire
>Law Offices of Charles A. Arcodia
>14346 Jarettsville Pike
>Suite 3
>Phoenix, Maryland 21131
>
>Michael Dell Long, Esquire
>Swider Haver
>621 SW Morrison Street
>Suite 1420
>Portland, Oregon 97205



/s/ Jan I. Berlage
Jan I. Berlage

2