IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNDER A FOOT PLANT, CO., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. 1:15-cv-00871-BPG |
| EXTERIOR DESIGN, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]**

Plaintiff does not object to the Court's general preliminary and final jury instructions [Docs. 70-3, 70-4]. Plaintiff seeks to add one preliminary instruction (labeled "PRELIMINARY"). Plaintiff also seeks to add the instructions specific to copyright law (labeled "COPYRIGHT"), as referenced in General Instruction No. 14 [Doc. 70-4 at 15].[2]

For the Court's reference, these instructions include the following entries in O'Malley *et al.*, Federal Jury Practice and Instructions (6th ed.):

- § 104:40 – Expert witness
- § 160:1 – Nature of the action
- § 160:2 – Rights of copyright interests
- § 160:3 – Obtaining a copyright

---

[1] Defendant Reserves the right to challenge any and all jury instructions based on the testimony and evidence produced at trial.

[2] Plaintiff notes the importance of this Court's finding ownership of 21 Images and liability for infringement of 12 Images. Plaintiff hopes to work with the Court at the pretrial conference to develop preliminary jury instructions that reflect this holding. Plaintiff was unable to find appropriate jury instructions for summary judgment holdings.

1

- § 160:20 – Generally
- § 160:21 – Elements of plaintiff's copyright infringement claim
- § 160:22 – Ownership of valid copyright
- § 160:48 – Assignment of copyright interest
- § 160:26 – Copying
- § 160:27 – Accessibility
- § 160:90 – Actual damages
- § 160:92 – Statutory damages
- § 160:53 – Definition of willful

PRELIMINARY – EXPERT WITNESS

**JURY INSTRUCTION NO. __**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

**Authority**: 3 Fed. Jury Prac. & Instr. § 104:40 (6th ed.).

COPYRIGHT – NATURE OF THE ACTION

**JURY INSTRUCTION NO. __**

This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted. The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces, *[prepares derivative works]* distributes, *[performs] [or]* displays a copyrighted work during the term of the copyright, infringes the copyright, unless licensed by the copyright owner.

In this case, plaintiff is the owner of a copyright. Plaintiff is seeking seeks damages from defendant for copyright infringement.

Defendant denies infringing the copyright *[and contends that the copyright is invalid] [other affirmative defense]*.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:1 (6th ed.).

COPYRIGHT – RIGHTS OF COPYRIGHT INTERESTS

**JURY INSTRUCTION NO. \_\_**

With certain exceptions, the owner of a copyright can exclude others from copying the owner's copyrighted work during the term of the copyright. A copyright owner may enforce the right to exclude others from copying the copyrighted work in a copyright infringement action.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:2 (6th ed.).

COPYRIGHT – OBTAINING A COPYRIGHT

**JURY INSTRUCTION NO. __**

A copyright automatically exists in a work the moment the work is created. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that the legal and formal requirements are satisfied, the Register of Copyrights registers the work, and issues a certificate of registration to the copyright owner.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:3 (6th ed.).

COPYRIGHT – CLAIM GENERALLY

**JURY INSTRUCTION NO. __**

Subject to certain defenses, one who reproduces, *[prepares derivative works]* distributes, *[performs]* or displays a copyrighted work during the term of the copyright, infringes a copyright, unless licensed by the copyright owner.

To prove that defendant infringed the plaintiff's copyright, plaintiff may show that defendant had access to plaintiff's copyrighted work and that there are substantial similarities between defendant's work and the plaintiff's work [and that the defendant's work was not independently created].

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:20 (6th ed.).

COPYRIGHT – ELEMENTS OF CLAIM

**JURY INSTRUCTION NO. __**

In order to prevail on plaintiff's copyright infringement claim, plaintiff must prove two things:

First: Plaintiff <u>Under A Foot Plant, Co.</u> is the owner of a work protected by the Copyright Act.

Second: Defendant <u>Exterior Design, Inc.</u> infringed one or more of the rights granted by that Act.

Each of these aspects has several elements that I will explain to you.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:21 (6th ed.).

COPYRIGHT – OWNERSHIP OF VALID COPYRIGHT

**JURY INSTRUCTION NO. \_\_**

The first thing plaintiff Under A Foot Plant, Co. must prove is that plaintiff is the owner of a work protected by the Copyright Act. In order to prove this, plaintiff Under A Foot Plant, Co. must show the following elements:

First: plaintiff's work is original;

Second: Either plaintiff Under A Foot Plant, Co. is the author, or plaintiff's relationship with the author permits plaintiff Under A Foot Plant, Co. to claim ownership of the work; and

Third: plaintiff Under A Foot Plant, Co. has complied with the formalities of the copyright law.

Plaintiff's certificate of registration of plaintiff's copyright is what is called *prima facie* evidence of the element of ownership. In other words, if there is no evidence against plaintiff Under A Foot Plant, Co. as to that element, the registration certificate alone is sufficient to establish [that element] ownership.

Defendant Exterior Design, Inc. disputes that the plaintiff's work is original, contends that plaintiff Under A Foot Plant, Co. is not the author of the work, and claims as to the third element that plaintiff Under A Foot Plant, Co. has failed to include proper copyright notices on copies of the work.

The burden of proof lies with plaintiff Under A Foot Plant, Co. You must find plaintiff Under A Foot Plant, Co. has proved these three elements by a preponderance of the evidence before you may find for the plaintiff in this action. The disputed elements will be explained to you in these instructions.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:22 (6th ed.).

COPYRIGHT – ASSIGNMENT OF COPYRIGHT INTEREST

**JURY INSTRUCTION NO. __**

A copyright owner may transfer, sell, convey to another person all or part of the copyright owner's property interest in the copyright. The property interest in the copyright includes the right to exclude others from reproducing, preparing a derivative work, distributing, performing, displaying, or using the copyrighted work.

To be valid, the transfer *[sale] [conveyance]* must be in writing.

The person to whom a right is transferred is called an assignee. Plaintiff <u>Under A Foot Plant, Co.</u> is an assignee of the copyright.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:48 (6th ed.)

COPYRIGHT – COPYING

**JURY INSTRUCTION NO. __**

In addition to establishing plaintiff Under A Foot Plant, Co. is the copyright owner of the work in question, plaintiff Under A Foot Plant, Co. must also prove defendant Exterior Design, Inc. infringed plaintiff 's rights in that work.

In order to establish infringement, plaintiff Under A Foot Plant, Co. must prove defendant's work was copied or taken from plaintiff's work. No matter how similar the two works are, plaintiff Under A Foot Plant, Co. may not recover against defendant Exterior Design, Inc. unless that similarity is the result of the copying or taking of plaintiff's work, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of the plaintiff's work that are copied or taken. If defendant Exterior Design, Inc. copies or takes only those portions of plaintiff's work which were not original with plaintiff, that is, portions plaintiff had in turn copied or taken from somebody else, then defendant is not liable for copyright infringement.

Defendant Exterior Design, Inc. is liable only if defendant Exterior Design, Inc. copies or takes aspects of plaintiff's work that were original with plaintiff Under A Foot Plant, Co. This does not mean that you have to find that the defendant Exterior Design, Inc. copied or took plaintiff's work.

If the work was copied or taken from plaintiff Under A Foot Plant, Co., but not by defendant Exterior Design, Inc. but rather by the defendant's supplier, that does not protect defendant Exterior Design, Inc. from liability. Liability attaches to the sale of an unauthorized copy of a copyrighted work, regardless of whether the seller is the one who made that copy, and regardless of whether the seller is aware that the work is an unauthorized copy.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:26 (6th ed.).

COPYRIGHT – ACCESSIBILITY

**JURY INSTRUCTION NO. __**

Plaintiff <u>Under A Foot Plant, Co.</u> cannot win unless plaintiff <u>Under A Foot Plant, Co.</u> can prove defendant <u>Exterior Design, Inc.</u> infringed plaintiff's work. Infringement can be proved by direct or circumstantial evidence.

An example of direct evidence would be an admission by an employee of defendant <u>Exterior Design, Inc.</u> that the work was copied, or the testimony of someone who saw the work being copied. But most frequently proof of that nature is not available in copyright cases.

Circumstantial evidence is often resorted to in copyright cases, in an effort to show that infringement has occurred. Circumstantial evidence means the proof of facts that would support a logical inference that copying must have taken place. Among the significant circumstances for you to consider are these issues:

First: Did defendant <u>Exterior Design, Inc.</u> have access to the plaintiff's work?

Second: Are there similarities between the defendant's work and the plaintiff's?

Third: If there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other apparent explanations for the similarities?

These are not the only questions that might arise on this issue. You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place.

If, after considering all the proof in the case, you found yourselves unable to draw a logical inference one way or the other, then the plaintiff would have failed in its burden of proof on this issue.

If you find, considering all the circumstances, that copying more likely than not has taken place, then plaintiff Under A Foot Plant, Co. has sustained plaintiff's burden on this issue.

On the subject of access, access means proof sufficient to show that the defendant or whoever created the defendant's work had a reasonable opportunity to view the plaintiff's work.

Plaintiff Under A Foot Plant, Co. is not required to show that whoever produced the defendant's work actually saw the plaintiff's work. In addition, plaintiff Under A Foot Plant, Co. is not required to show that some particular channel of communication existed through which the work was seen.

It is sufficient for plaintiff Under A Foot Plant, Co. to show defendant Exterior Design, Inc. had reasonable opportunity to copy the plaintiff's work by showing defendant Exterior Design, Inc. had access to plaintiff's work.

If you find similarities between the works, you must ask yourselves whether the similarities are or are not of the kind that would be likely to occur without copying. Similarity can result from copying, but there are other possible explanations for similarity.

Certain similarities may be very convincing proof of copying. The more original, the more unusual or imaginative or arbitrary is the material that you find to be similar in both works, the less likely that similarity is a coincidence. The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to coincidence, or the suggestiveness of the subject matter.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:27 (6th ed.).

COPYRIGHT – ACTUAL DAMAGES

**JURY INSTRUCTION NO. __**

If you find plaintiff Under A Foot Plant, Co. is the copyright owner and that defendant Exterior Design, Inc. infringed plaintiff's copyrighted work, then plaintiff Under A Foot Plant, Co. is entitled to recover the actual damages plaintiff Under A Foot Plant, Co. suffered as a result of the infringement.

The term "actual damages" means the amount of money adequate to compensate the copyright owner for the reduction of the market value of the copyrighted work caused by the infringement.

The reduction in the market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use made by defendant Exterior Design, Inc. of plaintiff's work.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:90 (6th ed.).

COPYRIGHT – STATUTORY DAMAGES

**JURY INSTRUCTION NO. __**

If you find plaintiff Under A Foot Plant, Co. is the copyright owner and that defendant Exterior Design, Inc. infringed plaintiff's copyrighted work, plaintiff Under A Foot Plant, Co. has elected to recover "statutory damages" instead of plaintiff's actual damages and profits.

Under the Copyright Act, plaintiff Under A Foot Plant, Co. is entitled to a sum of not less than $750 or more than $30,000 as you consider just.  If Plaintiff proves that Defendant willfully infringed Plaintiff's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work. Infringement is considered willful if Plaintiff proves that Defendant knew that his actions constituted infringement of Plaintiff's copyright or acted with reckless disregard of Plaintiff's copyright.

In determining the just amount of statutory damages, you may consider the willfulness of the defendant's conduct, the defendant's innocence, the defendant's continuation of infringement after notice or knowledge of the copyright or in reckless disregard of the copyright, effect of the defendant's prior or concurrent copyright infringement activity, and whether profit or gain was established.

**Authority**: 3B Fed. Jury Prac. & Instr. § 160:92 (6th ed.); 11 U.S.C. § 504(c)(2) (governing statutory damages enhancements for willfulness); Seventh Circuit Instructions § 12.8.4 ("Statutory Damages") (regarding willful infringement).

COPYRIGHT – DEFINITION OF WILLFUL

**JURY INSTRUCTION NO. __**

"Willful" means defendant Exterior Design, Inc. had knowledge that its *[his] [her]* actions constituted copyright infringement.


**Authority**: 3B Fed. Jury Prac. & Instr. § 160:53 (6th ed.).