IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNDER A FOOT PLANT, CO., | * |
| Plaintiff, | * |
| v. | *   CIVIL NO. BPG-15-871 |
| EXTERIOR DESIGN, INC., | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S REQUEST FOR VOIR DIRE**

Defendant Exterior Design, Inc., by its attorney, requests that this court pose the below questions to the panel of prospective jurors in the present case. If a prospective juror answers affirmatively, the parties request that the prospective juror be questioned further to ascertain the particulars relating to his or her affirmative answer.

**Statement of the Case**

This case involves the alleged use of copyrighted pictures. Plaintiff asserts that Defendant unlawfully used twenty-four of Plaintiff's images to sell Defendant's products. Defendant denies the same.

1.       Is any member of the jury panel related to or has any member of the jury panel maintained a business or social relationship, either past or present, with the Plaintiff Frances White?[1]

Would such relationship prevent you from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

2.       Is any member of the jury panel related to or has any member of the jury panel maintained a social relationship or been represented or opposed by counsel for the Plaintiff, Jan Berlage or Michael Dell Long?

Would such relationship prevent you from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

3.       Is any member of the jury panel related to or has any member of the jury panel maintained a business or social relationship, either past or present, with the Defendant Perrenial Farms or its owner Rick Watson?[2]

Would such relationship prevent you from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

---

[1] Plaintiff objects to this proposed voir dire question, because Frances White is not the plaintiff.

[2] Plaintiff objects to this proposed voir dire question, because Perrenial Farms is not the defendant and Rick Watson may not be its only owner.

4. Is any member of the jury panel related to or has any member of the jury panel maintained a social relationship or been represented or opposed by counsel for the Defendant, Charles A. Arcodia?[3]

Would such relationship prevent you from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

5. Is any member of the jury panel related to or has any member of the jury panel maintained a social relationship with the witnesses in this case Ed Kiley, Mary Hall, Rich Poulin, Larry Hurley, Rick Watson, Tom Watson Tim Strasdauskas, Ed Cammer and Robert Lovejoy?

Would such relationship prevent you from rendering a fair and impartial verdict according to the evidence and the instructions of this Court?

6. Has any member of the jury panel or any member of his or her immediate family made a claim or instituted an action or suit for copyright infringment?

7. Does any member of the jury panel have personal knowledge with respect to the occurrence involved in this case or has any member of the jury panel, by reason of things you have been told, developed any preconceived opinions or ideas with respect to the cause of the occurrence (copyright) involved in this case?

Would such knowledge prevent you from rendering a fair and impartial verdict according to the evidence and instructions of this Court?

[3] Plaintiff objects to this proposed voir dire question, because Mr. Arcodia is not Defendant's only counsel.

9. Does any member of the jury panel or any member of his or her immediate family have familiarity with professional photography?

10. Has any member of the jury panel or any member of his or her immediate family ever down loaded photographs from the internet?[4]

11. Does any member of the jury panel or any members of his or her immediate family have any negative feelings toward farmers?

12. Does any member of the jury panel or any members of his or her immediate family have any experience in professional marketing?[5]

13. Does any member of the jury panel or any members of his or her immediate family have any experience in internet marketing?[6]

14. Has any member of the jury panel or any member of his or her immediate family ever purchased photographs from the internet?

.

                                                                            _____

                                                                            Charles A. Arcodia

                                                                            14346 Jarrettsvile Pike, Suite 3

                                                                            Phoenix, MD 21131

                                                                            Attorney for Plaintiff

---

[4] Plaintiff objects to this proposed voir dire question as irrelevant, designed to prejudice the jury's consideration of the facts of the case, and not reasonably tailored to select a fair and impartial jury, devoid of bias or prejudice, who will decide the case based upon the evidence admitted during trial and upon the law as instructed by the judge.

[5] Plaintiff objects to this proposed voir dire question as irrelevant to identifying impartial jurors.

[6] Plaintiff objects to this proposed voir dire question as irrelevant to identifying impartial jurors.

# **DEFENDANT'S REQUESTED JURY INSTRUCTIONS**[7]

§ 111. Instruction to jury—What constitutes infringement

Topic Summary | Correlation Table

You are instructed that infringement involves a copying, in whole or in part, either in the exact words or by colorable variation. Without copying, there can be no infringement of copyright. A "copy," as used in copyright cases, signifies a tangible object that is a reproduction of the original work. The question is not whether the alleged infringer could have obtained the same information by going to the same source used by the plaintiff in *[his/her]* work, but whether *[he/she]* did in fact go to the same source and do *[his/her]* own independent research. In other words, the test is whether the one charged with the infringement made an independent production, or made a substantial and unfair use of the plaintiff's work.

The purchase of an infringing copy of a copyrighted work does not constitute an infringement; however, if the buyer in turn sells the copy he or she has purchased, that act constitutes an infringement as much as if he or she had "publicly performed" it for profit.

§ 104. Instruction to jury—Plaintiff's burden of proof

Topic Summary | Correlation Table

The plaintiff, *[name of plaintiff]*, claims damages from the defendant, *[name of defendant]*, and has the burden of proving each of three essential propositions:

First, that the plaintiff owns a valid copyright.

---

[7] Plaintiff objects to these requested jury instructions insofar as they originate from something other than a preferred source, [Doc. 70 at 2], and insofar as they do not cite either a source or supporting authority. [Doc. 70 at 3.]

Second, that the defendant has infringed the plaintiff's copyright.

And third, that such infringement was a proximate cause of the plaintiff's damages.

§ 112. Instruction to jury—Damages[8]

Topic Summary | Correlation Table

You are instructed that if you find that the plaintiff has a valid copyright that was infringed by the defendant, then you should determine the actual damages suffered by the plaintiff as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.

You are instructed that under the provisions of the Copyright Law, United States Code Annotated, Title 17, Section 504 (17 U.S.C.A. § 504), in establishing the infringer's profits, the plaintiff is required to present proof only of the defendant's gross revenue, and the defendant is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

§ 17:176. Jury instruction—Statutory damages [15 U.S.C.A. § 504(c); Fed. R. Civ. P. 51]

Summary | Correlation Table | References

You are instructed that if you find that there has been infringement, you must assess the amount of statutory damages that are due the plaintiff for all infringements that have been proved in this action with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000. For purposes of such an award, all the parts of a compilation or derivative work constitute one work.

---

[8] Plaintiff objects to the introduction of this jury instruction, because Plaintiff has not elected infringer's profits as a damages calculation.

If you find that the plaintiff has proved that the defendant committed the infringement willfully, you may increase your award to a sum of not more than $150,000. If you find that the defendant has proved that it was not aware and had no reason to believe that its acts constituted an infringement of copyright, you may reduce your award to a sum of not less than $200.

§ 17:174. Instruction to jury—Damages [Fed. R. Civ. P. 51][9]

Summary | Correlation Table | References

You are instructed that if you find that the plaintiff has a valid copyright that was infringed by the defendant, then you should determine the actual damages suffered by the plaintiff as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.

You are instructed that under the provisions of the Copyright Law, 17 U.S.C.A. § 504, in establishing the infringer's profits, the plaintiff is required to present proof only of defendant's gross revenue, and the defendant is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

§ 17:173. Instruction to jury—What constitutes infringement [Fed. R. Civ. P. 51]

Summary | Correlation Table | References

You are instructed that infringement involves a copying, in whole or in part, either in the exact words or by colorable variation. Without copying, there can be no infringement of copyright. A "copy," as used in copyright cases, signifies a tangible object which is a reproduction of the original work. The question is not whether the alleged infringer could have obtained the same information by going to the same source used by the plaintiff in *[his/her]* work, but whether *[he/she]* did in fact go to the same source and do *[his/her]* own independent research. In other words, the test is whether the one charged with the infringement made an independent production, or made a substantial and unfair use of the plaintiff's work. The purchase of an infringing copy of a copyrighted work does not constitute an infringement; however, if the buyer in turn sells the copy *[he/she]* has purchased, that act constitutes an infringement as much as if *[he/she]* had "publicly performed" it for profit.

---

[9] Plaintiff objects to the introduction of this jury instruction, because Plaintiff has not elected infringer's profits as a damages calculation.

## 17.5 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING
## (17 U.S.C. § 501(a)–(b))

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

## 17.5 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING
## (17 U.S.C. § 501(a)–(b))

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

### 17.17 COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction *[insert cross reference to the pertinent instruction, e.g., Instruction 17.5]* states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

### 17.26 COPYRIGHT—AFFIRMATIVE DEFENSE—FIRST SALE[10]
### (17 U.S.C. § 109(a))

The defendant contends that [he] [she] [it] is not liable for copyright infringement for [reselling] [redistributing] a particular copy of the plaintiff's copyrighted work because the plaintiff sold or otherwise transferred ownership of that copy. The plaintiff may not claim copyright infringement for subsequent distributions of that particular copy. [The defendant may invoke this ["first sale"] defense only if [he] [she] [it] is an owner of a particular copy of the plaintiff's copyrighted work, and not a licensee.]

---

[10] Plaintiff objects to this instruction, because Defendant has not raised this affirmative defense in its pleadings.

If you find that the defendant was an owner of the particular copy of the plaintiff's copyrighted work and that the plaintiff sold or otherwise transferred ownership of that particular copy, your verdict should be for the defendant on plaintiff's copyright infringement claim.

## 17.36 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT[11]
### (17 U.S.C. § 504(c)(2))

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that [his] [her] [its] acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that [his] [her] [its] acts constituted an infringement of the copyright.

## 17.37 COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT
### (17 U.S.C. § 504(c)(2))

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

---

[11] Plaintiff objects to this instruction, because innocent infringement is not a question put to the jury. 17 U.S.C. section 504(c)(2) allows "the court in its discretion" to "reduce the award of statutory damages." Because this is not a task for the jury, it is not a proper jury instruction. Inclusion of an "innocent infringement" instruction where the jury cannot, by statute, find innocent infringement only serves to prejudice the jury. In addition, Defendant has not raised this defense its pleadings.

2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

### 17.35 COPYRIGHT—DAMAGES—STATUTORY DAMAGES
### (17 U.S.C. § 504(c))

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for [[the work infringed] [each work infringed]]. Its purpose is not only to compensate the plaintiff for [his] [her] [its] losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

[However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.]

[However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.]

### 17.34 COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS [12]
### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

---

[12] Plaintiff objects to the introduction of this jury instruction, because Plaintiff has not elected infringer's profits as a damages calculation.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal [relationship] [nexus] between the infringement and the [profits generated indirectly from the infringement] [defendant's gross revenue].

The defendant's profit is determined by [deducting] [subtracting] all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the [use] [sale] of a [[product] [work]] [[containing or using the copyrighted work] [associated with the infringement]]. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all [operating costs] [overhead costs] [and] production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the [use] [sale] of a [product] [work] containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the [portion] [percentage] of the profit, if any, attributable to factors other than [copying] [infringing] the copyrighted work.

## 17.32 COPYRIGHT—DAMAGES [13]
### (17 U.S.C. § 504)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result

---

[13] Plaintiff objects to the introduction of this jury instruction, because Plaintiff has not elected infringer's profits as a damages calculation.

of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence

## 17.33 COPYRIGHT—DAMAGES—ACTUAL DAMAGES
## (17 U.S.C. § 504(b))

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNDER A FOOT PLANT, CO., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. BPG-15-871 |
| EXTERIOR DESIGN, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT PROPOSED VERDICT SHEET**

     1.    Do you find, by a preponderance of the evidence, the Plaintiff was the owner of a valid copyright for each infringement alleged?[14]

    _____   Yes

    _____   No

     2.    Do you find, by a preponderance of the evidence, the Defendant copied the original expression from the copyrighted work for each infringement alleged?

    _____   Yes

    _____   No

     3.    Do you find, by a preponderance of the evidence, the Defendant infringement was a proximate cause of the Plaintiff's damages for each infringement alleged?[15]

---

[14] Plaintiff objects to this question, because it suggests that infringement of *every* image is a prerequisite to finding liability of *any* image.

[15] Plaintiff objects to this question, because it uses a legal term of art not defined in any proposed instruction.

_____        Yes

_____        No

    4.    Do you find, the Defendant was not aware his acts constituted infringement of the alleged copyrighted works?[16]

_____        Yes

_____        No

    5.    Do you find, the Defendant had no reason to believe his acts constituted an infringement of the alleged copyright?[17]

_____        Yes

_____        No

    6.    Do you find, by a preponderance of the evidence, the Plaintiff suffered actual damages for each infringement alleged?[18]

_____        Yes

_____        No

    7.    What amount, do you award for actual damages?

---

[16] Plaintiff objects to this question, because it raises an affirmative defense not asserted in Defendant's Answer [Docs. 25, 38] and because its negative phrasing attempts to prejudice the jury.

[17] Plaintiff objects to this question, because it raises an affirmative defense not asserted in Defendant's Answer [Docs. 25, 38] and because its negative phrasing attempts to prejudice the jury.

[18] Plaintiff objects to this question, because it suggests that infringement of *every* image is a prerequisite to finding liability of *any* image.

$\underline{\hspace{2cm}}$

8.     Do you find, by a preponderance of the evidence, the Defendant acted with reckless disregard for or willful blindness to the copyright rights?[19]

$\underline{\hspace{2cm}}$   Yes

$\underline{\hspace{2cm}}$   No

---

[19] Plaintiff objects to this question, because it omits alternative definitions of "willful" in Defendant's jury instruction *supra*.