**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNDER A FOOT PLANT, CO.,

    Plaintiff,

v.                                                 Civil No.: BPG-15-871

EXTERIOR DESIGN, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

In this copyright infringement action, a jury found that defendant infringed plaintiff's copyrighted plant photographs and awarded plaintiff actual and statutory damages. Currently pending before the court is: (1) Plaintiff's Motion for Award of Attorneys' Fees and Costs ("Plaintiff's Motion") (ECF No. 123);[1] (2) Defendant's Opposition to Plaintiff's Motion ("Defendant's Opposition") (ECF No. 147); and (3) Plaintiff's Reply in Support of Its Motion ("Plaintiff's Reply") (ECF No. 149). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, Plaintiff's Motion (ECF No. 123) is DENIED.

**I.    BACKGROUND**

The facts and procedural history of this case are set forth in Under A Foot Plant, Co. v. Exterior Design, Inc., No. BPG-15-871, 2016 WL 4555021 (D. Md. Sept. 1, 2016) (ECF No. 65), and in this court's memorandum and order denying defendant's renewed motion for judgment as a matter of law, or alternatively, for a new trial (ECF No. 150). In brief, plaintiff

---

[1] Plaintiff filed a supplemental memorandum in support of its motion (ECF No. 143), pursuant to Local Rule 109.2.

brought suit under section 501 of the Copyright Act, see 17 U.S.C. § 501, alleging that defendant, a wholesale nursery, infringed plaintiff's copyrights in certain photographic plant images by using them in its marketing materials without permission. On May 11, 2017, a jury returned a verdict awarding plaintiff $900,000 in actual damages and $300,000 in statutory damages for defendant's infringements of twenty-three of plaintiff's copyrighted plant images. Plaintiff subsequently elected actual damages pursuant to 17 U.S.C. § 504(c)(1), and moved for costs and attorneys' fees under 17 U.S.C. § 505. On August 18, 2017, this court denied defendant's renewed motion for judgment as a matter of law or for a new trial. Plaintiff's Motion is now fully ripe for review.

## II. DISCUSSION

The Copyright Act (the "Act") provides that in any copyright infringement action, "the court in its discretion may allow the recovery of full costs by or against any party," and, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. One such exception is found in section 412 of the Act, which states that "no award of . . . attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration." Id. § 412. Thus, registration of the copyrighted work prior to infringement is a prerequisite to the recovery of attorneys' fees, but not to the recovery of other costs. See id.

An award of attorneys' fees lies solely within "the sound discretion of the trial court." Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993). In deciding whether to award fees to a prevailing party, the Fourth Circuit has instructed district courts to consider: "(1)

the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented." Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc., 74 F.3d 488, 498 (4th Cir. 1996) (citing Rosciszewski, 1 F.3d at 234). A district court may not award attorneys' fees in a copyright case as a matter of course; rather, the court must make a particularized, case-by-case determination based on the totality of circumstances. Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016).

### A. Attorneys' Fees

In its Motion, plaintiff seeks attorneys' fees in the amount of $557,317.97. (ECF No. 143 at 16.) Plaintiff argues that the jury's award of maximum statutory damages for willful copyright infringement, combined with defendant's "myriad pretrial litigation failures" entitles plaintiff to all of its fees. (ECF No. 123 at 2.) Defendant makes two arguments in opposition to Plaintiff's Motion. First, defendant argues that plaintiff is statutorily barred from recovering the bulk of its fees because only two of the twenty-three images at issue were registered prior to the first act of infringement.[2] (ECF No. 147 at 1–5); see 17 U.S.C. § 412(2). Second, defendant argues that it advanced non-frivolous and meritorious defenses,[3] and thus the factors outlined in Rosciszewski do not support an award of fees under the circumstances of this case. (ECF No. 147 at 5–9.)

After careful balancing of the factors set forth in Rosciszewski, the court concludes that an award of attorneys' fees is not warranted in this case. Regarding the first factor, the court notes that plaintiff has not alleged that defendant proceeded in bad faith or engaged in

---

[2] The two images were registered in 2005 as part of two compilation works, plaintiff's Good For Your Sole brochure and STEPABLES® website (collectively, the "2005 Works"), prior to the first allegedly infringing acts in 2011. (ECF No. 147 at 1–2); see Pl. Exhs. 41, 42. The other twenty-one photographs were individually registered in 2014. (ECF No. 147 at 2); see Pl. Exhs. 20–40c.

[3] Defendant argues that several of its defenses were in fact successful, resulting in the dismissal of plaintiff's state law claims for unjust enrichment and unfair competition, and limiting the availability of statutory damages to two separate awards for each of the 2005 Works. (ECF No. 147 at 7.)

3

misconduct.[4] Rather, plaintiff argues that the jury's finding of "maximum willfulness was reasonable," given that defendant was aware of its infringements but took no action to avoid future infringement. (ECF No. 123 at 3.) The court is not persuaded by plaintiff's argument for two reasons. First, the jury was only instructed to consider willfulness in determining statutory damages,[5] which were only available for infringement of the registered 2005 Works. (See Tr. Vol. 4, ECF No. 122 at 25); 17 U.S.C. § 412(2). Only seven of the twenty-three images that went to the jury, however, were alleged to have been copied from the 2005 Works. (See ECF No. 122 at 24.) Therefore, the court cannot assume that the jury found that defendant willfully infringed all twenty-three images, particularly considering that the jury exercised its discretion to reduce plaintiff's actual damages award by one to two-thirds of what plaintiff requested.[6]

Second, defendant offered evidence at trial rebutting plaintiff's allegations that defendant's infringements were "reckless" (ECF No. 123 at 3). For example, all three of defendant's witnesses testified to engaging in an ongoing dialogue with plaintiff about the nature and extent of the alleged infringement, as well as defendant's attempts to remove the infringing images from its marketing materials. (See, e.g., ECF No. 120 at 219–21; Tr. Vol. 3, ECF No. 121 at 23–25, 92–97.) Although the jury found for plaintiff on the issue of willfulness (limited, as it was, to the 2005 Works), the court nonetheless concludes that defendant's arguments were reasonable and its evidence not insubstantial, such that a consideration of the parties' motivations in pursuing their respective claims and defenses does not weigh in favor of plaintiff. See

---

[4] Although plaintiff makes no explicit reference to bad faith, plaintiff alleges in its Reply that "[d]efendant failed, despite appropriate hold letters and requests, to produce copies of its marketing materials and websites for review." (ECF No. 149 at 11.) At no point, however, did plaintiff file a motion to compel or otherwise notify the court of any discovery dispute. Without the benefit of prior briefing on this issue, the court cannot determine whether defendant failed to meet its discovery obligations, or otherwise engaged in litigation misconduct.

[5] See 17 U.S.C. § 504(c)(2) ("In a case where . . . the court finds[] that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.").

[6] Professor Sedlik estimated actual damages at between approximately $1.5 and $3 million. (See Tr. Vol. 2, ECF No. 120 at 159–60.)

4

Rosciszewski, 1 F.3d at 234 ("While a finding of willful infringement or bad faith on the part of the opposing party properly may be considered by the district court, the presence or absence of such motivation is not necessarily dispositive.").

Turning to the second factor, the court has already noted the objective reasonableness of defendant's position with respect to willful infringement, and the court concludes that defendant's positions on liability and damages were similarly meritorious. Defendant challenged the evidentiary sufficiency of its access to the registered 2005 Works, and advanced a colorable theory that plaintiff was significantly overstating the fair market value of its images.[7] Although the jury was more persuaded by the testimony of plaintiff's witnesses, the objective reasonableness of a claim or defense does not depend on its success or failure—otherwise fees would be awarded as a matter of course. See Robinson v. New Line Cinema Corp., 57 F. Supp. 2d 211, 218 (D. Md. 1999) ("Although [the court] granted summary judgment in favor of defendants, this does not equate to a conclusion that [plaintiff's] claims are objectively unreasonable."); Kirtsaeng, 136 S. Ct. at 1988 (cautioning courts not to conflate the questions of "whether a defendant in fact infringed a copyright and whether he made serious arguments in defense of his conduct").

Plaintiff contends that defendant "refused to meaningfully engage in resolving pretrial issues," and "deferred virtually every relevant legal question until the trial . . . was already underway." (ECF No. 123 at 4–5.) Plaintiff exhaustively enumerates defendant's various litigation missteps, including defendant's failure to produce Rule 26 compliant expert reports, its ill-timed "best evidence" objections, and its Daubert challenge to Professor Sedlik's testimony

---

[7] In support of its damages theory, defendant offered evidence at trial—both through its own witnesses and on cross-examination—that nonexclusive, royalty-free licenses for similar images were readily available at a fraction of the fees advanced by Professor Sedlik, and that plaintiff had previously offered such a license to its authorized dealers. (See ECF No. 120 at 47–48, 163–65; ECF No. 121 at 98–99.)

5

raised as a Rule 50 motion. (See id.; ECF No. 149 at 11.) While it is true that the court ruled largely (though not entirely) in plaintiff's favor on these issues, plaintiff's arguments are really directed to the effectiveness of defendant's trial strategy, not the objective reasonableness of its positions.[8] Indeed, the court observed on more than one occasion that it would have benefitted from full briefing on the substantive matters raised by defendant. (See, e.g., ECF No. 121 at 227–28.) While some of defendant's arguments could have been more effectively presented, the court cannot conclude that defendant advanced objectively unreasonable positions. See Kirtsaeng, 136 S. Ct. at 1987 ("A district court that has ruled on the merits of a copyright case can easily assess whether the losing party advanced an unreasonable claim or defense.").

Considering the third factor, an award of fees to plaintiff would do little to advance the compensation and deterrence goals of the Copyright Act. In this case, plaintiff has successfully vindicated the public interest in protecting copyrighted works by securing substantial damages and a permanent injunction against defendant.[9] See Lowry's Reports, Inc. v. Legg Mason, Inc., 302 F. Supp. 2d 455, 463 (D. Md. 2004) ("Although attorneys' fees are appropriate when a plaintiff successfully litigates an important right but receives only nominal damages, [plaintiff] vindicated the public's interest and secured a significant damages award."); cf. Kirtsaeng, 136 S. Ct. at 1986 (noting that fee-shifting ensures that "[t]he holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small."). Moreover, plaintiff's perplexing attempt to distinguish Lowry's Reports by arguing

---

[8] Plaintiff also contends that defendant's belated trial objections led to increased litigation costs, (ECF No. 123 at 5), but the opposite is more likely true. For example, plaintiff would have incurred greater fees had defendant's Daubert motion been timely raised, as the parties would have fully briefed the issue.

[9] Indeed, defendant consented to the court's entry of a permanent injunction, which enjoins defendant from all future infringement, and requires defendant to instruct third parties in possession of its marketing materials to cease all use and discard all infringing materials. (See ECF No. 136 at 3–4.)

that only a substantial statutory damages award can deter would-be infringers is not persuasive.[10] (See ECF No. 149 at 11–12.) Plaintiff may be correct that, like fee-shifting under section 505, statutory damages serve to deter infringers by encouraging plaintiffs to bring otherwise unprofitable suits. Naturally, however, an actual damages award that <u>exceeds</u> the maximum allowable statutory damages serves that same purpose. Accordingly, the court concludes that considerations of compensation and deterrence do not weigh in plaintiff's favor.

Finally, <u>Rosciszewski</u> instructs the court to consider any other relevant factor presented. In their pleadings, the parties accuse each other of taking an obstinate and unreasonable approach to settlement negotiations. (<u>See</u> ECF No. 147 at 8; ECF No. 149 at 13.) As a preliminary matter, the court is not convinced that the parties' settlement discussions—which are typically confidential to encourage candid negotiations—are relevant to the inquiry before it. <u>See</u> <u>Diamond Star Bldg. Corp. v. Freed,</u> 30 F.3d 503, 506–07 (4th Cir. 1994) (finding lower court abused its discretion to deny fees by considering prevailing defendant's refusal to settle); <u>Robinson</u>, 57 F. Supp. 2d at 219 n.3 (declining to weigh argument concerning unreasonableness of plaintiff's settlement offer). The court nonetheless observes that defendant's settlement posture is not unusual, given plaintiff's demand for a six-figure offer as a precondition to participating in a second, court-supervised mediation. (<u>See</u> ECF No. 147 at 8; ECF No. 147-1 at 4.) Indeed, this court's experience in mediating cases is that this type of demand often derails settlement discussions. Accordingly, the court gives no weight to the parties' settlement conduct in evaluating Plaintiff's Motion.

Defendant also contends that plaintiff is statutorily barred from recovering fees attributable to those images registered after infringement commenced. Because fees are not

---

[10] According to plaintiff, "[i]n <u>Lowry's Reports</u>, attorneys' fees were found to be unnecessary for deterrence purposes, because the statutory damages in that case were significantly higher than the actual damages." (ECF No. 149 at 11.)

warranted in this case, however, the court need not address this issue.[11] As plaintiff has not raised any additional factors for consideration, and after a thorough weighing of the factors discussed above, the court exercises its discretion to deny plaintiff's motion for attorneys' fees.

### B. Expert Witness Costs

In addition to attorneys' fees, plaintiff also seeks reimbursement for the costs of retaining its damages expert, Professor Jeffrey Sedlik, for a total sum of $148,376.65. (ECF No. 143 at 7–10.) Plaintiff argues that it is entitled to recover these costs because Professor Sedlik's testimony was essential to the success of its case. (Id. at 8–9.) Although the Copyright Act permits the recovery of "full costs," there is a split of authority on whether this provision is limited by 28 U.S.C. §§ 1821(b), 1920, which cap taxable witness fees at $40 per day. See 4 Nimmer & Nimmer, § 14.09. Plaintiff urges this court to follow the Ninth Circuit's decision in Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869 (9th Cir. 2005), in which the court concluded that, by specifically authorizing the recovery of "full" costs, Congress empowered "district courts . . . [to] award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505." Twentieth Century Fox, 429 F.3d at 885. Defendant contends that the court should follow the Eighth and Eleventh Circuits, both of which have concluded that section 505 does not "evinc[e] a clear congressional intent to supersede the limitations imposed by § 1821." Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001); accord Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996).

---

[11] Although the court has determined that fees are not warranted, the court nonetheless makes two observations regarding the amount of fees requested by plaintiff. First, as plaintiff appears to acknowledge, section 412 of the Act prohibits plaintiff from recovering any portion of its fees attributable solely to images registered after infringement commenced. See 17 U.S.C. § 412. Given that twenty-one of the twenty-three images were not registered prior to infringement, it is clear to this court that any fee award would have to be reduced by at least some percentage to account for these untimely registrations. Second, the Copyright Act only authorizes an award of reasonable attorneys' fees, and, as a result, the fees sought by plaintiff, which are quite substantial, would be subject to a review for reasonableness.

Although the court is persuaded by the reasoning of the Eighth and Eleventh Circuits, it need not decide whether sections 1821 and 1920 limit the recovery of expert witness fees under section 505 of the Copyright Act. For the reasons noted above with respect to attorneys' fees, the court concludes that an award of expert witness fees—in any amount—is not warranted in this case. See 4 Nimmer & Nimmer, § 14.09 ("As with the award of fees, an award of costs typically is not made if there is no element of moral blame attributable to the party against whom such costs are sought." (footnotes omitted)). Accordingly, the court exercises its discretion to deny plaintiff's motion for costs incurred in retaining Professor Sedlik.[12]

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 123) is DENIED.

Date: August 31, 2017  _____/s/_____
Beth P. Gesner
United States Magistrate Judge

---

[12] This Order is without prejudice to plaintiff's right to file a bill of costs with the Clerk of the Court pursuant to 28 U.S.C. § 1920.