IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNDER A FOOT PLANT, CO.,

    Plaintiff,

v.                                          Civil No.: BPG-15-871

EXTERIOR DESIGN, INC.,

    Defendant.

* * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

In this copyright infringement action, a jury found that defendant infringed plaintiff's copyrighted plant photographs and awarded plaintiff actual and statutory damages. Currently pending before the court is: Plaintiff's Motion for Award of Prejudgment Interest ("Motion") (ECF No. 152), Defendant's Opposition to Plaintiff's Motion for Award of Prejudgment Interest ("Opposition") (ECF No. 155), Plaintiff's Reply in Support of Plaintiff's Motion for Award of Prejudgment Interest ("Reply") (ECF No. 162.), Supplemental Memorandum in Support of Motion for Award of Prejudgment Interest ("Plaintiff's Supplement") (ECF No. 169), and Defendant's Supplemental Submission Regarding the Timeliness of Plaintiff's Rule 59(e) Motion for Prejudgment Interest ("Defendant's Supplement") (ECF No. 170). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Motion (ECF No. 152) is DENIED.

## I. BACKGROUND

The facts and procedural history of this case are set forth in Under A Foot Plant, Co. v. Exterior Design, Inc., No. BPG-15-871, 2016 WL 4555021 (D. Md. Sept. 1, 2016) (ECF No. 65), and in this court's memorandum and order denying defendant's renewed motion for judgment as a matter of law, or alternatively, for a new trial (ECF No. 150). In brief, plaintiff brought suit under section 501 of the Copyright Act, see 17 U.S.C. § 501, alleging that defendant, a wholesale nursery, infringed plaintiff's copyrights in certain photographic plant images by using them in its marketing materials without permission. On May 11, 2017, a jury returned a verdict awarding plaintiff $900,000 in actual damages and $300,000 in statutory damages for defendant's infringements of twenty-three of plaintiff's copyrighted plant images. Plaintiff subsequently elected actual damages pursuant to 17 U.S.C. § 504(c)(1), and moved for costs and attorneys' fees under 17 U.S.C. § 505. On August 18, 2017, this court denied defendant's renewed motion for judgment as a matter of law or for a new trial and on September 1, 2017, this court denied Plaintiff's Motion for Attorney Fees. Plaintiff's Motion is now fully ripe for review.

## II. DISCUSSION

In its Motion, plaintiff seeks prejudgment interest on the jury award. Defendant opposed the Motion, first arguing that plaintiff's Motion is untimely. Because plaintiff's Reply briefly responded, but did not address this argument on the merits, the court asked the parties to file additional briefs on the timeliness issue. (ECF No. 168). The court has considered the supplemental briefings, as well as the other pertinent pleadings, and, for the reasons noted below, concludes that plaintiff's Motion is untimely.

2

This court entered judgment on May 19, 2017. Four days later, on May 23, 2017, the parties filed a Stipulated and Joint Motion Re Schedule for Post-Verdict Motions ("Stipulation") (ECF No. 116) and the court approved the order (ECF No. 118). The Stipulation provided that post-verdict motions, including Rule 59(e) motions, would be filed no later than 28 days after entry of judgment as required by Rule 59(e). In a separate section of the Stipulation, the deadline for motions for attorneys' fees, costs, and prejudgment interest was 14 days after the last post-trial motion was filed. (ECF No. 118). Clearly, the parties did not consider a motion for prejudgment interest to be a Rule 59(e) motion. Plaintiff filed the instant Motion on August 31, 2017, which was timely in accordance with the Stipulation, but was well beyond the required deadline for Rule 59(e) motions.

A motion for discretionary prejudgment interest is characterized as a Rule 59(e) motion under the federal rules. See Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989) (holding that a post judgment motion for discretionary prejudgment interest constitutes a motion to alter or amend under Rule 59(e)). Rule 59(e) motions must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Pursuant to Rule 6(b)(2), a court "must not extend time to act under Rule[]" 59(e). Fed. R. Civ. P. 6(b)(2). The Fourth Circuit has held that a district court has no authority to extend the filing period for Rule 59(e) motions. See Panhorst v. United States, 241 F.3d 367 (4th Cir. 2001). In Panhorst, the district court entered judgment on March 3, 1998, and, on March 20, 1998, the plaintiff filed a motion for reconsideration under Rule 59, beyond the then 10 day deadline.[1] Id. at 369. The plaintiff also filed a motion for leave to file along with an order for the court's signature allowing her to file her untimely Rule 59 Motion. Id. The district court signed the order and then ruled on the merits of the 59(e) motion. Id. The Fourth Circuit held that the district court could not extend the deadline for a Rule 59 motion

---

[1] The applicable deadline for Rule 59(e) motions changed from 10 to 28 days in 2009. Fed. R. Civ. P. 59(e).

3

because Rule 6(b) prohibits it. Id. at 373. The court stated that "Rule 59(e), in turn, simply does not provide *any* mechanism for extending the prescribed ten-day filing deadline. Thus, the Federal Rules clearly prescribe that a motion under Rule 59(e) must be filed within ten days after entry of the judgment, and the Rules just as clearly provide the district court with no authority to extend the filing period." Id. at 370.

Similarly, in Alston v. MCI Communications Corp., 84 F.3d 705 (4th Cir. 1996), the Fourth Circuit refused to allow an extension of the Rule 59(e) deadline. In Alston, the district court entered judgment on December 30, 1994. On January 12, 1995, Alston moved to extend the 10 day period of time to file a motion to alter or amend the judgment. Id. at 706. The district court granted Alston's motion, and, thereafter, Alston filed his motion "presumably because the district court . . . granted him an extension of time to file his Rule 59(e) motion. . . ." Id. The Fourth Circuit held that "the district court was without power to enlarge the time period for filing a Rule 59(e) motion." Id. Relying upon Rule 6(b), the Fourth Circuit held that "the district court's order extending the time to file the motion to alter or amend the judgment was not authorized under the Federal Rules of Civil Procedure." Id.; see also United States v. Brightman, 408 Fed. App'x 746, 748 (4th Cir. 2011) (citing Panhorst and Alston in concluding that the district court "was without power to do so" when it entertained an untimely Rule 59(e) motion); United States v. Griffin, 397 Fed. App'x 902, 903 (4th Cir. 2010) (citing Panhorst and Alston when finding that "though Griffin did move for, and was granted, an extension of time in which to file his motion, the district court was without power to enlarge the time for filing a Rule 59(e) motion."); Lichtenberg v. Besicorp. Group. Inc., 204 F.3d 397 (2d Cir. 2000) (parties' stipulation and court approval thereof, extending time to file a Rule 59(e) motion, was ineffective as the court had no authority to grant such a request.)

4

The only recognized exception to this rule is the "unique circumstances" doctrine, relied upon by plaintiff, which has provided a very limited opportunity for a court to excuse the tardiness of an untimely Rule 59(e) motion. See Thompson v. INS, 375 U.S. 384 (1964). The doctrine permits courts to excuse untimeliness where a party received specific and affirmative assurance by a judicial officer that the late filing would be accepted. In Thompson, the Supreme Court affirmed the late filing where the district court assured the party at an open hearing that it had filed its late motion "in ample time". Id. at 387. Thereafter, the Supreme Court noted that the doctrine was specifically limited to instances where a party "has received specific assurance by a judicial officer that this act has been properly done." Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989).

This doctrine has been increasingly narrowed by the courts, and the Fourth Circuit, among others, has called the vitality of the doctrine into question. In Panhorst, the Fourth Circuit rejected the application of the doctrine, finding that no "specific assurance by a judicial officer" was present where the court simply signed off on an order granting an extension. 241 F.3d at 373 (quoting Osterneck, 489 U.S. at 179). "At most, the 'assurance' given by the court was that it would excuse the *improper* filing of an untimely Rule 59 motion and consider the motion on its merits out of time." Id. at 372-73 (emphasis in original). Additionally, the doctrine requires reasonable reliance on the assurance in order to obtain the benefit of the doctrine. The Panhorst court stated that "we agree with the Second, Third, Tenth, and Eleventh circuits that a party cannot reasonably rely on a district court's improper extension of time where the party requests relief that, as a plain reading of the Rules would show, is beyond the court's authority." Id.; see also Endicott Johnson Corp. v. Liberty Mutual Ins. Co., 116 F.3d 53, 57-58 (2d Cir. 1997) ("The fact that the court simply signed orders presented to it, purporting to grant the parties' joint

5

requests for relief, does not constitute 'unique circumstances.'"); Pinion v. Dow Chem., USA, 928 F.2d 1522 (11th Cir. 1991) (defendant could not have reasonably relied on order because Rules make filing deadlines clear).

In this case, plaintiff's Motion was clearly filed beyond the 28 day period allowed by Fed. R. Civ. P. 59(e). Based upon the case law discussed above and the plain language of Fed. R. Civ. P. 6(b)(2), the court does not have the authority to extend that deadline. Nor do the facts here give rise to the application of the unique circumstances doctrine so as to allow the untimely filing of plaintiff's Motion. "[T]he unique circumstances principle has no application where the parties stipulated to extensions of time that were prohibited by the Rules, and which the district court approved despite lacking the power to approve." Lichtenberg, 204 F.3d at 402. The court's approval of an extension order under the circumstances of this case does not constitute affirmative assurance by the court. See Panhorst, 241 F.3d at 372 (application of doctrine rejected on similar facts). As the Fourth Circuit noted in Panhorst, "a litigant 'has a duty to familiarize himself with the [federal] rules,' which clearly prohibit an extension of time in which to file a Rule 59 motion, [therefore] we cannot say that appellants' reliance on the district court's acceptance of the submitted order was reasonable." Id. at 373. In this regard, it is of note that the Stipulation regarding the filing of post-verdict motions did not identify the Motion for Prejudgment Interest as a Rule 59(e) motion, but rather grouped that Motion with a request for attorneys' fees and costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 109. (ECF No. 116).[2] Thus, it is evident that the parties stipulated to extensions that were prohibited by the

---

[2] Moreover, plaintiff's reliance on Kosnoski v. Howley, 33 F.3d 376 (4th Cir. 1996) (ECF No. 169 at 3) is misplaced as there, the court concluded that the untimely motion at issue was a Rule 60, not a Rule 59, motion because the court included an award of prejudgment interest in its judgment, leaving open the question of the amount.

Rules. Under these circumstances, there is no legal authority supporting plaintiff's argument that the court may allow the untimely filing of plaintiff's Motion.[3]

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion (ECF No. 152) is DENIED.

Date: December 14, 2017

/s/ Beth P. Gesner
Chief United States Magistrate Judge

---

[3] The court also rejects plaintiff's argument that it used the same type of stipulation it used in another case, where the court held open final judgment pending resolution of the motions. (ECF No. 169 at 3). Plaintiff did not request that the court do so here. Nor does plaintiff's argument that the defendant, in essence, waived the right to raise the timeliness argument (Id.) carry any weight because the court has an independent obligation to address the timeliness of plaintiff's Motion.